Carrie M. Francis (020453)
Stefan M. Palys (024752)
Michael Vincent (029864)
**STINSON LEONARD STREET LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email: carrie.francis@stinson.com
stefan.palys@stinson.com
michael.vincent@stinson.com
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Jeremy Thacker,

Plaintiff,

v.

GPS Insight, LLC; Robert J. Donat, Individually and as Trustee of The Robert Donat Living Trust Dated April 19, 2017,

Defendants.

No. 2:18-cv-00063-DJH

**DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

(Assigned to the Hon. Diane J. Humetewa)

(Jury Trial Demanded)

GPS Insight, LLC ("GPSI"), and Robert Donat, individually ("Donat") and as Trustee of the Robert Donat Living Trust Dated April 19, 2017 (the "Trust," and collectively with GPSI and Donat, the "Defendants"), answer Jeremy Thacker's ("Thacker") Complaint as follows:

1. Defendants admit the allegations in paragraphs 1, 2, 3, 6, and 43.

2. Defendants deny the allegations in paragraphs 8, 9, 11, 13, 16, 20, 21, 23, 27, 29, 38, 42, 49-53, 55, 58, 66, 69-72, 74-80, 82-90, 92-96, 98, 101-104, 106-111, and 114-116.

3. In response to paragraphs 4 and 5, Defendants admit that jurisdiction and venue are proper in this Court, and that the Complaint makes allegations of conduct occurring in Maricopa County, Arizona, but Defendants deny the remaining allegations in those paragraphs.

4. In response to paragraph 7, Defendants admit that Thacker received more than one sales award, but deny the remaining allegations in that paragraph.

5. In response to paragraph 10, Defendants admit that February 2017 was the top sales month in company history for the direct sales team, but denies the remaining allegations in that paragraph.

6. In response to paragraph 12, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegation that Thacker and Kristin Lisson ("Lisson") spoke to Tyler Mortensen ("Mortensen") and Jason Walker ("Walker") before Thacker and Lisson started dating. Defendants admit that at various times relevant to the allegations in the Complaint that Walker and Mortensen were supervisors. Defendants admit that Thacker and Lisson were told that their dating would not violate any company policy or involve a conflict of interest. Defendants deny the remaining allegations in paragraph 12.

7. In response to paragraph 14, Defendants deny that there was an "extramarital" relationship as to Donat, who was divorced at that time. Defendants admit that Donat and Lisson had a consensual sexual relationship until November 2016. Defendants deny the remaining allegations in paragraph 14.

8. In response to paragraph 15, Defendants admit that Lisson had a conversation with Walker in which Lisson asked Walker if Walker thought Lisson should let Donat know about her relationship with Thacker. Defendants deny the remaining allegations in paragraph 15.

9. In response to paragraph 17, Defendants admit that Lisson told Donat about her relationship with Thacker on or about January 10, 2017, but deny the remaining allegations in that paragraph.

10. In response to paragraph 18, Defendants admit that Donat stated his opinion to Lisson that Thacker owed the company money and had made improper purchases with the company credit card. Defendants deny the remaining allegations in paragraph 18.

11. In response to paragraph 19, Defendants admit that Donat stated his opinion to Lisson that Thacker exhibited possible symptoms of herpes. Defendants deny the remaining allegations in paragraph 19.

12. In response to paragraph 22, Defendants admit that Lisson at one point addressed to Donat issues pertaining to his perceived interference in her personal relationships. Defendants deny the remaining allegations in paragraph 22.

13. In response to paragraph 24, Defendants admit that Donat and Lisson had a meeting later in the week containing January 17, 2017 that addressed subordinate bonuses. Defendants deny the remaining allegations in paragraph 24.

14. In response to paragraph 25, Defendants admit that Donat told Lisson he wanted to continue his consensual relationship with her, and that this conversation occurred after Donat told his ex-wife about his consensual relationship with Lisson. Defendants deny the remaining allegations in paragraph 25.

15. In response to paragraph 26, Defendants admit that Donat told Lisson that Donat had told Kate Wells, who is in Donat's Vistage group, about his consensual relationship with Lisson. Defendants deny the remaining allegations in paragraph 26.

16. In response to paragraph 28, Defendants admit that Donat told Lisson that her relationship with Thacker was one cause for a negative perception of her in the office. Defendants deny the remaining allegations in paragraph 28.

17. In response to paragraph 30, Defendants admit that Mortensen told Thacker that he needed to be in to work earlier. Defendants lack sufficient information to form a belief as to the truth or falsity of whether one such conversation took place specifically on February 16, 2017. Defendants deny the remaining allegations in paragraph 30.

18. In response to paragraph 31, Defendants deny that Donat was "upset" with Thacker. Donat had concerns about Thacker's job performance and attendance. Defendants admit that Walker told Lisson that Walker had delayed talking to Donat to get approval for Thacker's requested compensation for the Amerisure deal due to Donat's concerns about Thacker's job performance and attendance. Defendants deny the remaining allegations in paragraph 31.

///

19. Defendants deny the first sentence of paragraph 32. Defendants admit the second sentence.

20. In response to paragraph 33, Defendants admit that Donat called Lisson to discuss her job and her relationship with Thacker at Lisson's invitation and that Donat expressed concern about the impact Lisson's relationship with Thacker was having on Lisson's working relationship with Walker. Defendants deny the remaining allegations in paragraph 33.

21. In response to paragraph 34, Defendants admit that Donat told Lisson that, as CEO, it was not his job to personally investigate a sales representative's performance. Defendants deny the remaining allegations in paragraph 34.

22. In response to paragraph 35, Defendants admit that Donat sent texts to Lisson containing the quoted language. Defendants deny the remaining allegations in paragraph 35.

23. In response to paragraph 36, Defendants admit that Walker told Thacker during the referenced meeting that they had been unable to calculate the value and determine a compensation proposal on the Ameriprise deal until two weeks before the meeting, but deny that the numbers used to do so were final. Defendants admit the remaining allegations in paragraph 36.

24. In response to paragraph 37, Defendants admit that, during the meeting, Walker, Mortensen, and Thacker discussed their, and Donat's, concerns about Thacker's job performance and attendance. Defendants admit that Walker expressed that he did not want to seek approval for a special/favorable compensation arrangement for Thacker at the same time there were concerns about his job performance and attendance, but lack sufficient information to form a belief as to the truth or falsity of the allegation that Walker used the word "messy." Defendants deny that the conversation related to Thacker and Lisson's relationship, and deny the remaining allegations in paragraph 37.

25. In response to paragraph 39, Defendants deny that Donat had significant influence on the decision to terminate Thacker's employment or that Thacker's relationship with Lisson was a factor in that decision. Defendants admit that Donat brought information to

Mortensen and Walker before the March 6, 2017 meeting at which Thacker was terminated. Defendants deny the remaining allegations in paragraph 39.

26. In response to paragraph 40, the fact of the severance offer and its terms are inadmissible per Federal Rule of Evidence, Rule 408, and therefore Defendants deny the allegations in paragraph 40.

27. In response to paragraph 41, the fact of the severance offer and its rejection is inadmissible per Federal Rule of Evidence, Rule 408. Defendants admit that Thacker subjectively intended to pursue legal claims as of March 6, 2017, but deny the remaining allegations in paragraph 41.

28. In response to paragraph 44, Defendants admit that Elliot Batcheller ("Batcheller") sent an email with the referenced text, and that it was sent after Lisson had disclosed her prior consensual relationship with Donat. Defendants deny that Batcheller's email concerned that consensual relationship, however, and deny the remaining allegations in paragraph 44.

29. In response to paragraph 45, Defendants admit that Donat sent emails to Robert Dennis ("Dennis") on August 4 and 21, 2017, but deny the remaining allegations in that paragraph.

30. In response to paragraph 46, Defendants deny that Donat's assertions in the August 4, 2017 email were false. Defendants admit that the email contained the statements referenced in paragraph 46(a)-(c).

31. In response to paragraph 47, Defendants admit that Donat's August 21, 2017 email to Dennis referenced a prosecution of Thacker for felony theft. Defendants deny the remaining allegations in paragraph 47.

32. In response to paragraph 48, Defendants admit that Donat received and reviewed an on-line database generated informational report about Thacker after Thacker was no longer employed by GPSI. Defendants deny the remaining allegations in paragraph 48.

///

33. In response to paragraph 54, Defendants admit that GPSI notified Thacker of his profit-sharing bonus within days of the referenced conversation with Lisson, and that Thacker was given a 7% increase over the previous year. Defendants deny the remaining allegations in paragraph 54.

34. In response to paragraph 56, Defendants deny that Walker referenced compensation GPSI had given to others in similar circumstances, or that there were others in similar circumstances. Defendants admit the remaining allegations in paragraph 56.

35. In response to paragraph 57, Defendants deny that Donat was "mad" at Thacker or that Walker so stated. Defendants admit that Donat would have to approve any final compensation payment to Thacker premised on the Amerisure deal. Defendants deny the remaining allegations in paragraph 57.

36. In response to paragraph 60, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegation "productive," and so deny it. Defendants deny the remaining allegations in paragraph 60.

37. In response to paragraph 61, Defendants admit that Walker and Mortensen had an extended meeting with Thacker on March 2, 2017, and that one topic was whether the parties could move forward with a productive employment relationship. Defendants admit that Donat brought additional material to Walker and Mortensen following that meeting. Defendants deny the remaining allegations in paragraph 61.

38. In response to paragraph 62, Defendants admit that Donat learned of Thacker's relationship with Lisson on January 10, 2017. Defendants deny the remaining allegations in paragraph 62.

39. In response to paragraph 63, Defendants admit that Donat knew about Thacker's employment relationship with GPSI. Defendants deny that Donat interfered with it. Defendants deny that Donat harbored any personal discriminatory/retaliatory motives toward Thacker. Defendants admit that Mortensen and Walker made the decision to terminate Thacker, not Donat.

40. In response to paragraphs 64, 73, 81, 91, 97, 105, and 112, Defendants incorporate their previous answers and responses to the complaint as though fully set forth herein.

41. In response to paragraph 65, Defendants admit that Thacker's employment was terminated, but deny the remaining allegations in paragraph 65.

42. In response to paragraph 67, Defendants admit that that Thacker filed a charge with the Equal Employment Opportunity Commission on November 6, 2017, asserting a Title VII claim. Defendants deny the remaining allegations in paragraph 67.

43. In response to paragraph 68, Defendants admit that the EEOC issued a right to sue letter, but lack sufficient information to form a belief as to the truth or falsity of the remaining allegations and so denies them.

44. In response to paragraph 114, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and so deny them.

45. Paragraphs 99, 100, 113, and 117 contain legal contentions to which no response is required. To the extent a response is required, Defendants deny paragraphs 99, 100, 113, and 117.

46. Any allegation not specifically admitted is denied.

## AFFIRMATIVE DEFENSES

47. Thacker fails to state a claim upon which relief may be granted.

48. Though Defendants believe Thacker bears the burden to prove the alleged defamatory statements were false, in an abundance of caution, Defendants state as an affirmative defense that the statements were true or were Donat's opinion.

49. Donat cannot legally interfere with Thacker's contractual relationship with GPSI.

50. Thacker's claims are barred to the extent he failed to exhaust his administrative remedies before the Equal Employment Opportunity Commission for some of the matters stated in the Complaint.

///

51. Thacker's damages, if any, were proximately caused or contributed to by his own acts or omissions, and not by any act or omission of Defendants.

52. All acts taken by Defendants, if any, or anyone acting on their behalf, if any, with respect to Thacker were just, fair, privileged, with good cause, in good faith, without malice or intent to discriminate or retaliate, and for lawful and legitimate, nondiscriminatory reasons.

53. Thacker failed to mitigate his damages.

54. Thacker's damages under Title VII are limited by any applicable statutory cap, including but not limited to, the statutory cap set forth in 42 U.S.C. § 1981a.

55. Defendants exercised reasonable care to prevent and promptly correct any harassing, discriminatory or retaliatory behavior and Thacker unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants.

56. Defendants allege GPSI would have taken the same action regardless of whether Thacker engaged in any protected activity, and he did not.

57. Thacker is not entitled to punitive damages because the alleged misconduct would be contrary to Defendants' good faith efforts to comply with Title VII and other relevant laws.

58. Plaintiff's claim for damages is barred in whole or in part by the doctrine of after acquired evidence, as he would have been terminated for other additional offenses discovered after his termination on March 6, 2017.

59. Defendants allege those affirmative defenses in Rule 8 of the Federal Rules of Civil Procedure.

60. Defendants reserve the right to amend their Answer to add any applicable defenses revealed during discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants demand a jury trial on all claims and judgment against Plaintiff as follows:

A. Judgment in Defendants' favor, and against Thacker;

B. For an award of Defendants' attorneys' fees, costs, and expenses;

C. For pre- and post-judgment interest; and

D. Such other relief as this Court deems just and proper.

Filed this 31st day of August, 2018.

**STINSON LEONARD STREET LLP**

By: */s/ Carrie M. Francis*
Carrie Francis
Stefan Palys
Michael Vincent
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2018, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

Kraig J. Marton
Jeffrey A. Silence
JABURG & WILK, P.C.
3200 N. Central Avenue
Suite 2000
Phoenix, AZ 85012
kjm@jaburgwilk.com
jxs@jaburgwilk.com
*Attorneys for Plaintiff*

Timothy B. O'Connor
SCHNEIDER & ONOFRY, P.C.
365 East Coronado Road
Phoenix, Arizona 85004
toconnor@soarizonalaw.com
*Attorneys for Defendant Robert Donat*

*/s/ C. Roundtree*