**Jeremy Thacker** | Government Sales Manager - Southwest

**GPS Insight**

7201 E. Henkel Way, Suite 400 | Scottsdale, AZ 85255

480.663.9472

**gpsinsight.com**



---

**From:** Jeremy Thacker
**Sent:** Thursday, February 16, 2017 6:26 PM
**To:** Tyler Mortensen <tyler.mortensen@gpsinsight.com>
**Subject:** RE: Amerisure

No worries and no need to apologize.  I just wanted to check.

**Jeremy Thacker** | Government Sales Manager - Southwest

**GPS Insight**

7201 E. Henkel Way, Suite 400 | Scottsdale, AZ 85255

480.663.9472

**gpsinsight.com**



---

**From:** Tyler Mortensen
**Sent:** Thursday, February 16, 2017 6:13 PM
**To:** Jeremy Thacker <jeremy.thacker@gpsinsight.com>
**Subject:** Re: Amerisure

No, I have completely forgot to bring it up with Jason. I apologize, I need to talk to him about it asap.

**Tyler Mortensen** | Director of Strategic Sales

# EXHIBIT V

Jeremy,
No worries. I did not take it that way at all. I just needed to keep the meeting on course and the CRM issues were not a topic we can tackle in that meeting.

All good.

---

**From:** Jeremy Thacker
**Sent:** Thursday, August 25, 2016 10:37 PM
**To:** Jason Walker <jason.walker@gpsinsight.com>
**Subject:** Pushback

I wanted to apologize for insinuating James wasn't thorough and say thanks for pushing back. James is absolutely amazing and I didn't mean it to come across as me blaming him for anything. That is absolutely the last impression that I want anybody to have of how I feel about him.

**Jeremy Thacker** | **Government Sales Manager - Southwest**

**GPS Insight**
7201 E. Henkel Way, Suite 400 | Scottsdale, AZ 85255
480.663.9472
**gpsinsight.com**



# EXHIBIT W

1  Carrie M. Francis  (020453)
   Stefan M. Palys  (024752)
2  Michael A. Vincent  (029864)
   **STINSON LEONARD STREET LLP**
3  1850 North Central Avenue, Suite 2100
   Phoenix, Arizona 85004-4584
4  Tel: (602) 279-1600
   Fax: (602) 240-6925
5  Email: carrie.francis@stinson.com
           stefan.palys@stinson.com
6          michael.vincent@stinson.com

7  *Attorneys for Defendants*

8              **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE DISTRICT OF ARIZONA**

10  Jeremy Thacker,                    No. 2:18-cv-00063-PHX-DJH

11              Plaintiff,             **DEFENDANT GPS INSIGHT, LLC'S**
                                       **RESPONSES TO PLAINTIFF'S**
12  v.                                 **REQUESTS FOR PRODUCTION**

13  GPS Insight, LLC; Robert J. Donat,
    Individually and as Trustee of The
14  Robert Donat Living Trust Dated
    April 19, 2017;
15
                Defendants.
16

17          Pursuant to Ariz. R. Civ. P. 34, Defendant GPS Insight, LLC ("GPSI" or

18  "Defendants") hereby responds to Plaintiff's Request for Production of Documents.

19

20              <u>**DOCUMENTS TO BE PRODUCED**</u>

21  <u>**REQUEST NO. 1:**</u>

22          Most recent commission workbook provided to each GPSI salesperson reflecting

23  all sales data including all tabs from January 1, 2015 to present in native format. In our

24  June 2018 letter concerning your discovery deficiencies, we provided an example of the

25  Commission Worksheet. In Defendant's Initial Disclosures and Responses on 8:18, 9:1,

26  and 9:10, Defendants allege that Mr. Thacker is a "substandard" employee and

27  salesperson as well as only having "some sales results." In addition to evidence

28  supporting their assertions, this information will also provide us with information

needed to calculate Mr. Thacker's unpaid commissions based on GPSI' pattern and practice of calculating commissions as to other GPSI employees who are similarly situated.

**RESPONSE:**

　　**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 2:**

　　Profit-sharing/Compensation Summary letters for each salesperson at GPSI for the years 2016, 2017, and 2018 which represents the prior year's performance. i.e. 2017 Profit-Sharing/Compensation Summary represents 2016 performance.

**RESPONSE:**

　　**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 3:**

　　Spreadsheet used by Mr. Donat to calculate Profit-sharing/Compensation Summary for each salesperson for years 2016, 2017, and 2018 in native format.

*///*

CORE/3505308.0002/141437034.1

**RESPONSE:**

   Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 4:**

   GPSI Sales Policy for each year from 2014-2018.

**RESPONSE:**

   Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 5:**

   All documents and presentation materials included in company-wide meeting presentations from January 1, 2014 to present in native format. Examples of these meetings would include but not be limited to, All Company Semi-Annual status meeting on June 2, 2016 and Close Strong 2016 on October 13, 2016.

**RESPONSE:**

   Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16,

3

**2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 6:**

All documents and presentation materials included in All Sales Meetings from January 1, 2015 to present in native format. Examples of these meetings include but are not limited to All Sales Meeting on December 16, 2016 and All Sales Meeting on November 11, 2016.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 7:**

All documents related to Sagemount, equity investment in GPSI and/or change in stock and/or ownership, including but not limited to contracts, terms and conditions, evaluations, and financials.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's**

4

1  scheduling order.

2  **REQUEST NO. 8:**

3      All documents related to stock options and/or bonuses related to Sagemount

4  and/or equity investment for all GPSI employees, including but not limited to any

5  spreadsheets used to calculate bonuses/commissions and documents

6  verifying/substantiating the data used to calculate the bonuses/commissions in native

7  format.

8  **RESPONSE:**

9      **Defendants object to this request as untimely because the request was served**

10  **after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v.*

11  *California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

12  **2009). Defendants also object to this request because Plaintiff has served more**

13  **than 25 requests for production, including subparts, in violation of the Court's**

14  **scheduling order.**

15

16  **REQUEST NO. 9:**

17      All Lexis Nexis reports for Mr. Thacker, Ms. Lisson, and/or Mr. Dennis in native

18  format including any communications reflecting when or why those reports were

19  generated and to whom they were sent.

20  **RESPONSE:**

21      **Defendants object to this request as untimely because the request was served**

22  **after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v.*

23  *California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

24  **2009). Defendants also object to this request because Plaintiff has served more**

25  **than 25 requests for production, including subparts, in violation of the Court's**

26  **scheduling order.**

27

28

CORE/3505308.0002/141437034.1

**REQUEST NO. 10:**

All documents that support Defendants' contention that Mr. Thacker was "written up" and/or counseled regarding any alleged behavioral issues including being "caustic and abrasive" and a "disruptive" employee. See Defendant's Initial Disclosure page 8:18-27.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** ***See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 11:**

All expense reports for all employees from 2014 through present in native format including any document that reflects which employees were given access to use GPSI's company credit card and on what terms they were allowed to use the card.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** ***See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 12:**

The last five years' worth of tax returns for GPSI and Mr. Donat.

6

1 **RESPONSE:**

2   Defendants object to this request as untimely because the request was served

3 **after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v.*

4 *California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

5 **2009). Defendants also object to this request because Plaintiff has served more**

6 **than 25 requests for production, including subparts, in violation of the Court's**

7 **scheduling order.**

8

9 **REQUEST NO. 13:**

10   Any insurance or other agreements under which another person or entity may be

11 liable to satisfy all or part of the judgment or to indemnify or reimburse a party for

12 payments made by the party to satisfy the judgement. MDIP # 6.

13 **RESPONSE:**

14   Defendants object to this request as untimely because the request was served

15 **after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v.*

16 *California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

17 **2009). Defendants also object to this request because Plaintiff has served more**

18 **than 25 requests for production, including subparts, in violation of the Court's**

19 **scheduling order.**

20

21 **REQUEST NO. 14:**

22   All communications between, on the one hand, Mr. Donat and, on the other hand,

23 Mr. Thacker from January 1, 2017 to the present, including but not limited to texts,

24 emails, iMessages, Slack messages, cards, letters, notes, and messages on any social

25 media or messaging application.

26 **RESPONSE:**

27   Defendants object to this request as untimely because the request was served

28

CORE/3505308.0002/141437034.1

after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 15:**

All communications between, on the one hand, Mr. Donat and, on the other hand, Ms. Lisson from January 1, 2016 to the present, including but not limited to texts, emails, iMessages, Slack messages, cards, letters, notes, and messages on any social media or messaging application.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 16:**

All communications sent by or to Mr. Donat, Mr. Walker, Mr. Mortensen, Mr. Batcheller, Mr. Fitzgerald and Kristi Donat from February 22, 2017 to April 15, 2017, including but not limited to texts, emails, iMessages, Slack messages, or messages sent through any social media or messaging application.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v.*

8

*California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 17:**

All communications between, on the one hand, Mr. Donat and, on the other hand, Kate Wells regarding Mr. Thacker, Ms. Lisson, and/or any topic related to a workplace romance from January 1, 2017 to the present, including but not limited to texts, emails, iMessages, Slack messages, cards, letters, notes, and messages on any social media or messaging application. In Defendant's Answer to Mr. Thacker's Complaint, Defendants admit that Mr. Donat had conversations with Kate Wells regarding his relationship with Ms. Lisson.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 18:**

Any document that you contend reflects that GPSI provided a copy of any employee policy to any of its employees including the company-wide email referred to in 30(b)(6) deposition of Mr. Fitzgerald in which he claims that all GPSI employees were made aware of the new policies available on Knowledge Base sometime in 2017.

///

9

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 19:**

Slack Weekly Summary email for every week in the months of February 2017, March 2017 and June 2018. An example of what we are looking for was included in the June 2018 letter concerning your discovery deficiencies.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 20:**

Any email that was sent or received by any GPSI employee between March 6, 2017 and April 15, 2017 which contains any of the following words:

a.    Kristin

b.    Lisson

c.    KL

d.    "K.L."

| | |
|---|---|
| 1 | e.      Jeremy |
| 2 | f.      Thacker |
| 3 | g.      JT |
| 4 | h.      "J.T." |

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 21:**

Any email that was sent or received by David Pope, Mr. Walker, Joe Vidmar, Josh Schwartz, Nathan Washington, Phil Eatman, or Mr. Mortensen at any time which contains any of the following words and/or phrases:

     a.      "earn out"

     b.      "ear out"

     c.      "referral fee"

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

11

## REQUEST NO. 22:

Any email that was sent or received by Mr. Batcheller, Mr. Fitzgerald, Mr. Walker, Mr. Donat, Mr. Mortensen, or Wayne Holder at any time which contains any of the following words and/or phrases:

a.   "discrimination charge"

b.   devil

c.   asshole

d.   "witch"

e.   "cult"

f.   "piece of shit"

g.   "reference" & "job offer" (**Note:** whenever the search term contains an &, we are looking for emails that contain both search terms.)

h.   "sexual harassment"

i.   EEOC

j.   "trail of bodies"

## RESPONSE:

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

## REQUEST NO. 23:

Any email that was sent or received by Mr. Batcheller, Mr. Walker, Phil Eatman, Mr. Donat, or Mr. Mortensen at any time which contains any of the following words

and/or phrases:

    a.     Amerisure

    b.     "Fleet Connect"

    c.     "call records"

    d.     "activity tracking"

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 24:**

Any email that was sent or received by Mr. Walker, Josh Schwartz, Nathan Washington, or Mr. Mortensen at any time which contains any of the following words and/or phrases:

    a.     "State of Oklahoma"

    b.     "Oklahoma" & "commission" (**Note:** whenever the search term contains an &, we are looking for emails that contain both search terms.)

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

13

**REQUEST NO. 25:**

Any email that was sent or received by Mr. Walker, Phil Eatman, Mr. Donat, or Mr. Mortensen at any time which contains any of the following words and/or phrases:

a.  "profit sharing"

b.  "profit-sharing"

c.  "profit" & "bonus" (**Note**: whenever the search term contains an &, we are looking for emails that contain both search terms.)

d.  "sales commission plans"

e.  "rep commission plans"

f.  "Sales Policy 2014"

g.  "Sales Policy 2015"

h.  "Sales Policy 2016"

i.  "Sales Policy 2017"

j.  "Sales Policy 2018"

k.  "Sales Awards"

l.  "sales team expenses"

m.  "commission eligibility"

n.  "territory exception"

o.  reassigned

p.  "taking away"

q.  "keep list"

r.  "back to GPS Insight"

s.  Holdovers

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

**2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 26:**

Any email that was sent or received by Mr. Walker or Mr. Mortensen at any time which contains any of the following words and/or phrases:

    a.     CalCartage

    b.     CMI

    c.     "Container Freight"

    d.     "California Multimodal"

    e.     "K&R Transportation"

    f.     Epicor

    g.     Glassdoor

    h.     "best places to work"

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 27:**

Every email thread which was sent or received by Barbara Somerside, Carrie Race-Simms, Ray Kosick, or Mr. Donat from October 1, 2016 to present which contains any of the following words and/or phrases:

CORE/3505308.0002/141437034.1

| 1 | a. | Jeremy |
| 2 | b. | Thacker |
| 3 | c. | JT |
| 4 | d. | "J.T." |

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 28:**

Any email that was sent or received by Mr. Batcheller, Mr. Fitzgerald, Mr. Walker, or Mr. Mortensen from December 15, 2016 to present which contains any of the following words and/or phrases:

| | a. | Jeremy |
| | b. | Thacker |
| | c. | JT |
| | d. | "J.T." |
| | e. | Kristin |
| | f. | Lisson |
| | g. | KL |
| | h. | "K.L" |
| | i. | "Rob" |
| | j. | "Donat" |
| | k. | Robert |

16

1      l.      "RD"

2      m.      "R.D."

3      n.      "Gob"

4 **RESPONSE:**

5        **Defendants object to this request as untimely because the request was served**

6 **after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v.*

7 *California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

8 **2009). Defendants also object to this request because Plaintiff has served more**

9 **than 25 requests for production, including subparts, in violation of the Court's**

10 **scheduling order.**

11

12 **REQUEST NO. 29:**

13        Any email that was sent or received by Mr. Donat from January 1, 2016 to

14 present which contains any of the following words and/or phrases:

15      a.      Kristin

16      b.      Lisson

17      c.      KL

18      d.      "K.L."

19 **RESPONSE:**

20        **Defendants object to this request as untimely because the request was served**

21 **after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v.*

22 *California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

23 **2009). Defendants also object to this request because Plaintiff has served more**

24 **than 25 requests for production, including subparts, in violation of the Court's**

25 **scheduling order.**

26 ///

27 ///

28

17

**REQUEST NO. 30:**

Every text message or instant message sent or received, including all messages sent or received 48 hours before and after any such message, from the following individuals: Mr. Donat, Mr. Walker, Mr. Mortensen, Mr. Batcheller, Mr. Fitzgerald, Kristi Donat, or Phil Eatman between the dates of January 1, 2017 to present, including but not limited to texts, iMessages, messages on any social media or messaging application containing any of the following terms:

   a.   Jeremy

   b.   Thacker

   c.   JT

   d.   "J.T."

   e.   Krist**in**

   f.   Lisson

   g.   KL

   h.   "K.L."

   i.   "Rob"

   j.   Donat

   k.   "RD"

   l.   "R.D."

   m.   "Gob"

   n.   lawyer

   o.   legal

   p.   attorney

   q.   fired

   r.   firing

   s.   terminated

///

CORE/3505308.0002/141437034.1

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 31:**

NetSuite report containing status of all Government leads, prospects, opportunities, and customers in Southwest Territory (AZ, CO, KS, MO, NM, OK, TX, UT) to present. A copy of this report should include all fields found in the document attached as **Exhibit F** to our letter concerning your discovery deficiencies.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 32:**

NetSuite report containing status of all leads, prospects, opportunities, and customers previously assigned to Mr. Thacker, from March 1, 2017 to present. A copy of this report should include all fields found in the document attached as **Exhibit F** to our letter concerning your discovery deficiencies.

///

19

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 33:**

NetSuite report containing status of all leads, prospects, opportunities, and customers associated with Amerisure, including but not limited to companies referred by Amerisure, customers of Amerisure and/or any opportunities where Amerisure was a reference from June 1, 2013 to the present. A copy of this report should include all fields found in the document attached as **Exhibit F** to our letter concerning your discovery deficiencies.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 34:**

NetSuite report containing status of all leads, prospects, opportunities, and customers associated with Epicor, including but not limited to companies referred by Epicor, customers of Epicor and/or any opportunities where Epicor was a reference

CORE/3505308.0002/141437034.1

from January 1, 2010 to the present. A copy of this report should include all fields found in the document attached as **Exhibit F** to our letter concerning your discovery deficiencies.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 35:**

NetSuite report containing status of all leads, prospects, opportunities, and customers associated with "Wheels" (the company), including but not limited to companies referred by Wheels, customers of Wheels and/or any opportunities where Wheels was a reference from January 1, 2010 to the present. A copy of this report should include all fields found in the document attached as **Exhibit F** to our letter concerning your discovery deficiencies.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

///

///

21

**REQUEST NO. 36:**

Report and/or documentation of acknowledgement of policies on Knowledge Base by employees containing the status of acknowledgment for each policy on KB by each employee for the following dates of March 6, 2017, one day prior to date of companywide email notifying employees of policies on KB and 45 days after the same email as referenced by Mr. Fitzgerald in 30(b)(6) deposition.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.,* **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 37:**

Daily attendance records for all salespeople from January 1, 2014 to present, including but not limited to time of arrival and departure each day.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.,* **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 38:**

Summary report of phone calls and phone time for all salespeople from

22

January 1, 2014 to present, including but not limited to calls made from each salesperson's extension, all work-related calls made from each salesperson's mobile phone, all time using Clearslide's Soft Phone for communication during presentations.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 39:**

The Exchange calendars of Mr. Donat, Mr. Batcheller, Mr. Walker, and Mr. Mortensen for the time period of January 10, 2017 to March 6, 2017.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 40:**

All mobile phone records and/or logs for Mr. Donat, Mr. Batcheller, Mr. Mortensen, Mr. Walker and/or Kristi Donat between January 1, 2017 and March 30, 2017.

///

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 41:**

All phone system records and/or logs of calls (internal and/or external) for Mr. Donat, Mr. Batcheller, Mr. Mortensen, and/or Mr. Walker from March 2, 2017 to March 6, 2017.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 42:**

Produce all images embedded in GPSI_00108130,136-17 in native format.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more

24

**than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 43:**

All items not containing a Custodian need to be produced with correct Custodian assigned.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 44:**

All items with a Custodian of "General" should be assigned to the correct Custodian. Produce all group text messages identifiable as group text messages, and all parties included in the group identified as well.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

///

///

25

**REQUEST NO. 45:**

Produce GPSI_00103218-7847 in native format.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

RESPECTFULLY SUBMITTED this __20th__ day of August, 2018.

**STINSON LEONARD STREET LLP**

By: ___/s/ Michael Vincent___
Carrie M. Francis
Stefan M. Palys
Michael Vincent
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
*Attorneys for Defendants*

26

## CERTIFICATE OF SERVICE

I hereby certify that on August __20th__, 2018, I caused the foregoing document to be transmitted via U.S. Mail and e-mail to the following:

Kraig J. Marton
Jeffrey A. Silence
JABURG & WILK, P.C.
3200 N. Central Avenue
Suite 2000
Phoenix, AZ 85012
kjm@jaburgwilk.com
jxs@jaburgwilk.com
*Attorneys for Plaintiff*

Timothy B. O'Connor, Esq.
SCHNEIDER & ONOFRY, P.C.
365 East Coronado Road
Phoenix, Arizona 85004
toconnor@soarizonalaw.com
*Attorneys for Defendant Robert Donat*

*/s/ C. Roundtree*

27

Carrie M. Francis  (020453)
Stefan M. Palys  (024752)
Michael A. Vincent  (029864)
**STINSON LEONARD STREET LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  carrie.francis@stinson.com
          stefan.palys@stinson.com
          michael.vincent@stinson.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Thacker, | No. 2:18-cv-00063-PHX-DJH |
| Plaintiff, | **DEFENDANT ROBERT J. DONAT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION** |
| v. | |
| GPS Insight, LLC; Robert J. Donat, Individually and as Trustee of The Robert Donat Living Trust Dated April  19, 2017; | |
| Defendants. | |

Pursuant to Ariz. R. Civ. P. 34, Defendant Robert J. Donat ("Mr. Donat" or "Defendant") hereby responds to Plaintiff's Request for Production of Documents.

## DOCUMENTS TO BE PRODUCED

## REQUEST NO. 1:

Most recent commission workbook provided to each GPSI salesperson reflecting all sales data including all tabs from January 1, 2015 to present in native format. In our June 2018 letter concerning your discovery deficiencies, we provided an example of the Commission Worksheet. In Defendant's Initial Disclosures and Responses on 8:18, 9:1, and 9:10, Defendants allege that Mr. Thacker is a "substandard" employee and salesperson as well as only having "some sales results." In addition to evidence supporting their assertions, this information will also provide us with information

needed to calculate Mr. Thacker's unpaid commissions based on GPSI' pattern and practice of calculating commissions as to other GPSI employees who are similarly situated.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 2:**

Profit-sharing/Compensation Summary letters for each salesperson at GPSI for the years 2016, 2017, and 2018 which represents the prior year's performance. i.e. 2017 Profit-Sharing/Compensation Summary represents 2016 performance.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 3:**

Spreadsheet used by Mr. Donat to calculate Profit-sharing/Compensation Summary for each salesperson for years 2016, 2017, and 2018 in native format.

///

CORE/3505308.0002/141437034.1

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 4:**

GPSI Sales Policy for each year from 2014-2018.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 5:**

All documents and presentation materials included in company-wide meeting presentations from January 1, 2014 to present in native format. Examples of these meetings would include but not be limited to, All Company Semi-Annual status meeting on June 2, 2016 and Close Strong 2016 on October 13, 2016.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16,

3

2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 6:**

All documents and presentation materials included in All Sales Meetings from January 1, 2015 to present in native format. Examples of these meetings include but are not limited to All Sales Meeting on December 16, 2016 and All Sales Meeting on November 11, 2016.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 7:**

All documents related to Sagemount, equity investment in GPSI and/or change in stock and/or ownership, including but not limited to contracts, terms and conditions, evaluations, and financials.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's

4

1   **scheduling order.**

2

3   <u>**REQUEST NO. 8:**</u>

4       All documents related to stock options and/or bonuses related to Sagemount

5   and/or equity investment for all GPSI employees, including but not limited to any

6   spreadsheets used to calculate bonuses/commissions and documents

7   verifying/substantiating the data used to calculate the bonuses/commissions in native

8   format.

9   <u>**RESPONSE:**</u>

10      **Defendants object to this request as untimely because the request was served**

11  **after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v.*

12  *California Dept. of Corr. & Rehab.,* **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

13  **2009). Defendants also object to this request because Plaintiff has served more**

14  **than 25 requests for production, including subparts, in violation of the Court's**

15  **scheduling order.**

16

17  <u>**REQUEST NO. 9:**</u>

18      All Lexis Nexis reports for Mr. Thacker, Ms. Lisson, and/or Mr. Dennis in native

19  format including any communications reflecting when or why those reports were

20  generated and to whom they were sent.

21  <u>**RESPONSE:**</u>

22      **Defendants object to this request as untimely because the request was served**

23  **after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v.*

24  *California Dept. of Corr. & Rehab.,* **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

25  **2009). Defendants also object to this request because Plaintiff has served more**

26  **than 25 requests for production, including subparts, in violation of the Court's**

27  **scheduling order.**

28

**REQUEST NO. 10:**

All documents that support Defendants' contention that Mr. Thacker was "written up" and/or counseled regarding any alleged behavioral issues including being "caustic and abrasive" and a "disruptive" employee. See Defendant's Initial Disclosure page 8:18-27.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 11:**

All expense reports for all employees from 2014 through present in native format including any document that reflects which employees were given access to use GPSI's company credit card and on what terms they were allowed to use the card.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 12:**

The last five years' worth of tax returns for GPSI and Mr. Donat.

6

**RESPONSE:**

　　Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 13:**

　　Any insurance or other agreements under which another person or entity may be liable to satisfy all or part of the judgment or to indemnify or reimburse a party for payments made by the party to satisfy the judgement. MDIP # 6.

**RESPONSE:**

　　Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 14:**

　　All communications between, on the one hand, Mr. Donat and, on the other hand, Mr. Thacker from January 1, 2017 to the present, including but not limited to texts, emails, iMessages, Slack messages, cards, letters, notes, and messages on any social media or messaging application.

**RESPONSE:**

　　Defendants object to this request as untimely because the request was served

after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 15:**

All communications between, on the one hand, Mr. Donat and, on the other hand, Ms. Lisson from January 1, 2016 to the present, including but not limited to texts, emails, iMessages, Slack messages, cards, letters, notes, and messages on any social media or messaging application.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 16:**

All communications sent by or to Mr. Donat, Mr. Walker, Mr. Mortensen, Mr. Batcheller, Mr. Fitzgerald and Kristi Donat from February 22, 2017 to April 15, 2017, including but not limited to texts, emails, iMessages, Slack messages, or messages sent through any social media or messaging application.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v.*

8

*California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 17:**

All communications between, on the one hand, Mr. Donat and, on the other hand, Kate Wells regarding Mr. Thacker, Ms. Lisson, and/or any topic related to a workplace romance from January 1, 2017 to the present, including but not limited to texts, emails, iMessages, Slack messages, cards, letters, notes, and messages on any social media or messaging application. In Defendant's Answer to Mr. Thacker's Complaint, Defendants admit that Mr. Donat had conversations with Kate Wells regarding his relationship with Ms. Lisson.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 18:**

Any document that you contend reflects that GPSI provided a copy of any employee policy to any of its employees including the company-wide email referred to in 30(b)(6) deposition of Mr. Fitzgerald in which he claims that all GPSI employees were made aware of the new policies available on Knowledge Base sometime in 2017.

///

9

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 19:**

Slack Weekly Summary email for every week in the months of February 2017, March 2017 and June 2018. An example of what we are looking for was included in the June 2018 letter concerning your discovery deficiencies.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 20:**

Any email that was sent or received by any GPSI employee between March 6, 2017 and April 15, 2017 which contains any of the following words:

a.    Kristin

b.    Lisson

c.    KL

d.    "K.L."

CORE/3505308.0002/141437034.1

1    e.    Jeremy

2    f.    Thacker

3    g.    JT

4    h.    "J.T."

5    **RESPONSE:**

6        **Defendants object to this request as untimely because the request was served**

7    **after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v.*

8    *California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

9    **2009). Defendants also object to this request because Plaintiff has served more**

10   **than 25 requests for production, including subparts, in violation of the Court's**

11   **scheduling order.**

12

13   **REQUEST NO. 21:**

14       Any email that was sent or received by David Pope, Mr. Walker, Joe Vidmar,

15   Josh Schwartz, Nathan Washington, Phil Eatman, or Mr. Mortensen at any time which

16   contains any of the following words and/or phrases:

17       a.    "earn out"

18       b.    "ear out"

19       c.    "referral fee"

20   **RESPONSE:**

21       **Defendants object to this request as untimely because the request was served**

22   **after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v.*

23   *California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

24   **2009). Defendants also object to this request because Plaintiff has served more**

25   **than 25 requests for production, including subparts, in violation of the Court's**

26   **scheduling order.**

27

28

11

# REQUEST NO. 22:

Any email that was sent or received by Mr. Batcheller, Mr. Fitzgerald, Mr. Walker, Mr. Donat, Mr. Mortensen, or Wayne Holder at any time which contains any of the following words and/or phrases:

a. "discrimination charge"

b. devil

c. asshole

d. "witch"

e. "cult"

f. "piece of shit"

g. "reference" & "job offer" (**Note:** whenever the search term contains an &, we are looking for emails that contain both search terms.)

h. "sexual harassment"

i. EEOC

j. "trail of bodies"

# RESPONSE:

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

# REQUEST NO. 23:

Any email that was sent or received by Mr. Batcheller, Mr. Walker, Phil Eatman, Mr. Donat, or Mr. Mortensen at any time which contains any of the following words and/or phrases:

12

1      a.     Amerisure

2      b.     "Fleet Connect"

3      c.     "call records"

4      d.     "activity tracking"

5 **RESPONSE:**

6        **Defendants object to this request as untimely because the request was served**

7 **after the cutoff date in the Court's scheduling order.** ***See, e.g., Campbell v.***

8 ***California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

9 **2009). Defendants also object to this request because Plaintiff has served more**

10 **than 25 requests for production, including subparts, in violation of the Court's**

11 **scheduling order.**

12

13 **REQUEST NO. 24:**

14        Any email that was sent or received by Mr. Walker, Josh Schwartz, Nathan

15 Washington, or Mr. Mortensen at any time which contains any of the following words

16 and/or phrases:

17      a.     "State of Oklahoma"

18      b.     "Oklahoma" & "commission" (**Note:** whenever the search term contains

19             an &, we are looking for emails that contain both search terms.)

20 **RESPONSE:**

21        **Defendants object to this request as untimely because the request was served**

22 **after the cutoff date in the Court's scheduling order.** ***See, e.g., Campbell v.***

23 ***California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

24 **2009). Defendants also object to this request because Plaintiff has served more**

25 **than 25 requests for production, including subparts, in violation of the Court's**

26 **scheduling order.**

27

28

CORE/3505308.0002/141437034.1

**REQUEST NO. 25:**

Any email that was sent or received by Mr. Walker, Phil Eatman, Mr. Donat, or Mr. Mortensen at any time which contains any of the following words and/or phrases:

a.   "profit sharing"

b.   "profit-sharing"

c.   "profit" & "bonus" (**Note**: whenever the search term contains an &, we are looking for emails that contain both search terms.)

d.   "sales commission plans"

e.   "rep commission plans"

f.   "Sales Policy 2014"

g.   "Sales Policy 2015"

h.   "Sales Policy 2016"

i.   "Sales Policy 2017"

j.   "Sales Policy 2018"

k.   "Sales Awards"

l.   "sales team expenses"

m.   "commission eligibility"

n.   "territory exception"

o.   reassigned

p.   "taking away"

q.   "keep list"

r.   "back to GPS Insight"

s.   Holdovers

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16,

**2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 26:**

Any email that was sent or received by Mr. Walker or Mr. Mortensen at any time which contains any of the following words and/or phrases:

    a.    CalCartage

    b.    CMI

    c.    "Container Freight"

    d.    "California Multimodal"

    e.    "K&R Transportation"

    f.    Epicor

    g.    Glassdoor

    h.    "best places to work"

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. _See, e.g., Campbell v. California Dept. of Corr. & Rehab._, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 27:**

Every email thread which was sent or received by Barbara Somerside, Carrie Race-Simms, Ray Kosick, or Mr. Donat from October 1, 2016 to present which contains any of the following words and/or phrases:

| | a. | Jeremy |
|---|----|--------|
| | b. | Thacker |
| | c. | JT |
| | d. | "J.T." |

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 28:**

Any email that was sent or received by Mr. Batcheller, Mr. Fitzgerald, Mr. Walker, or Mr. Mortensen from December 15, 2016 to present which contains any of the following words and/or phrases:

| | a. | Jeremy |
|---|----|--------|
| | b. | Thacker |
| | c. | JT |
| | d. | "J.T." |
| | e. | Kristin |
| | f. | Lisson |
| | g. | KL |
| | h. | "K.L" |
| | i. | "Rob" |
| | j. | "Donat" |
| | k. | Robert |

16

1    l.      "RD"

2    m.      "R.D."

3    n.      "Gob"

4 **RESPONSE:**

5          **Defendants object to this request as untimely because the request was served**

6 **after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v.*

7 *California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

8 **2009). Defendants also object to this request because Plaintiff has served more**

9 **than 25 requests for production, including subparts, in violation of the Court's**

10 **scheduling order.**

11

12 **REQUEST NO. 29:**

13          Any email that was sent or received by Mr. Donat from January 1, 2016 to

14 present which contains any of the following words and/or phrases:

15          a.      Kristin

16          b.      Lisson

17          c.      KL

18          d.      "K.L."

19 **RESPONSE:**

20          **Defendants object to this request as untimely because the request was served**

21 **after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v.*

22 *California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16,**

23 **2009). Defendants also object to this request because Plaintiff has served more**

24 **than 25 requests for production, including subparts, in violation of the Court's**

25 **scheduling order.**

26 ///

27 ///

28

17

**REQUEST NO. 30:**

Every text message or instant message sent or received, including all messages sent or received 48 hours before and after any such message, from the following individuals: Mr. Donat, Mr. Walker, Mr. Mortensen, Mr. Batcheller, Mr. Fitzgerald, Kristi Donat, or Phil Eatman between the dates of January 1, 2017 to present, including but not limited to texts, iMessages, messages on any social media or messaging application containing any of the following terms:

a.  Jeremy

b.  Thacker

c.  JT

d.  "J.T."

e.  Kristin

f.  Lisson

g.  KL

h.  "K.L."

i.  "Rob"

j.  Donat

k.  "RD"

l.  "R.D."

m.  "Gob"

n.  lawyer

o.  legal

p.  attorney

q.  fired

r.  firing

s.  terminated

*///*

CORE/3505308.0002/141437034.1

**RESPONSE:**

     **Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 31:**

     NetSuite report containing status of all Government leads, prospects, opportunities, and customers in Southwest Territory (AZ, CO, KS, MO, NM, OK, TX, UT) to present. A copy of this report should include all fields found in the document attached as **Exhibit F** to our letter concerning your discovery deficiencies.

**RESPONSE:**

     **Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 32:**

     NetSuite report containing status of all leads, prospects, opportunities, and customers previously assigned to Mr. Thacker, from March 1, 2017 to present. A copy of this report should include all fields found in the document attached as **Exhibit F** to our letter concerning your discovery deficiencies.

///

19

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 33:**

NetSuite report containing status of all leads, prospects, opportunities, and customers associated with Amerisure, including but not limited to companies referred by Amerisure, customers of Amerisure and/or any opportunities where Amerisure was a reference from June 1, 2013 to the present. A copy of this report should include all fields found in the document attached as **Exhibit F** to our letter concerning your discovery deficiencies.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 34:**

NetSuite report containing status of all leads, prospects, opportunities, and customers associated with Epicor, including but not limited to companies referred by Epicor, customers of Epicor and/or any opportunities where Epicor was a reference

CORE/3505308.0002/141437034.1

from January 1, 2010 to the present. A copy of this report should include all fields found in the document attached as **Exhibit F** to our letter concerning your discovery deficiencies.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 35:**

NetSuite report containing status of all leads, prospects, opportunities, and customers associated with "Wheels" (the company), including but not limited to companies referred by Wheels, customers of Wheels and/or any opportunities where Wheels was a reference from January 1, 2010 to the present. A copy of this report should include all fields found in the document attached as **Exhibit F** to our letter concerning your discovery deficiencies.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

///

///

CORE/3505308.0002/141437034.1

**REQUEST NO. 36:**

Report and/or documentation of acknowledgement of policies on Knowledge Base by employees containing the status of acknowledgment for each policy on KB by each employee for the following dates of March 6, 2017, one day prior to date of companywide email notifying employees of policies on KB and 45 days after the same email as referenced by Mr. Fitzgerald in 30(b)(6) deposition.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**


**REQUEST NO. 37:**

Daily attendance records for all salespeople from January 1, 2014 to present, including but not limited to time of arrival and departure each day.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**


**REQUEST NO. 38:**

Summary report of phone calls and phone time for all salespeople from

22

January 1, 2014 to present, including but not limited to calls made from each salesperson's extension, all work-related calls made from each salesperson's mobile phone, all time using Clearslide's Soft Phone for communication during presentations.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 39:**

The Exchange calendars of Mr. Donat, Mr. Batcheller, Mr. Walker, and Mr. Mortensen for the time period of January 10, 2017 to March 6, 2017.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, **2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 40:**

All mobile phone records and/or logs for Mr. Donat, Mr. Batcheller, Mr. Mortensen, Mr. Walker and/or Kristi Donat between January 1, 2017 and March 30, 2017.

///

CORE/3505308.0002/141437034.1

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 41:**

All phone system records and/or logs of calls (internal and/or external) for Mr. Donat, Mr. Batcheller, Mr. Mortensen, and/or Mr. Walker from March 2, 2017 to March 6, 2017.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.

**REQUEST NO. 42:**

Produce all images embedded in GPSI_00108130,136-17 in native format.

**RESPONSE:**

Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order. *See, e.g., Campbell v. California Dept. of Corr. & Rehab.*, 2009 WL 5064957, at *1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more

24

**than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 43:**

All items not containing a Custodian need to be produced with correct Custodian assigned.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

**REQUEST NO. 44:**

All items with a Custodian of "General" should be assigned to the correct Custodian. Produce all group text messages identifiable as group text messages, and all parties included in the group identified as well.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

///

///

25

**REQUEST NO. 45:**

Produce GPSI_00103218-7847 in native format.

**RESPONSE:**

**Defendants object to this request as untimely because the request was served after the cutoff date in the Court's scheduling order.** *See, e.g., Campbell v. California Dept. of Corr. & Rehab.***, 2009 WL 5064957, at \*1 (E.D. Cal. Dec. 16, 2009). Defendants also object to this request because Plaintiff has served more than 25 requests for production, including subparts, in violation of the Court's scheduling order.**

RESPECTFULLY SUBMITTED this  20th  day of August, 2018.

**STINSON LEONARD STREET LLP**

By:    */s/ Michael Vincent*
Carrie M. Francis
Stefan M. Palys
Michael Vincent
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August  20th , 2018, I caused the foregoing document to be transmitted via U.S. Mail and e-mail to the following:

Kraig J. Marton
Jeffrey A. Silence
JABURG & WILK, P.C.
3200 N. Central Avenue
Suite 2000
Phoenix, AZ 85012
kjm@jaburgwilk.com
jxs@jaburgwilk.com
*Attorneys for Plaintiff*

CORE/3505308.0002/141437034.1

Timothy B. O'Connor, Esq.
SCHNEIDER & ONOFRY, P.C.
365 East Coronado Road
Phoenix, Arizona 85004
toconnor@soarizonalaw.com
*Attorneys for Defendant Robert Donat*

*/s/ C. Roundtree*

CORE/3505308.0002/141437034.1

# EXHIBIT X

| ⚐ | 🗑 | 📎 | • | • | 💬 | Time | To/From | Number | Text |
|---|---|---|---|---|---|------|---------|--------|------|
| ✅ | | | 👓 | ↗ | ☁ | 03/05/2017 20:44:20 CST | Elliot Batcheller | (602) 790-7680 | I want the fundamental reason for Termination to be categorized as his culture killing nature (However you communicated that the other day) combined with the fact that I stumbled on his self-I recorded abusive dialogue which wasted over an hour in a futile attempt to recover a couple hundred bucks he wasn't entitled to anyway. That's not the important part. The important part was that I then looked at his weekly call records and he had less than an hour of actual phone based work (likely only 37-50 minutes) for 4 full days. This confirmed in my mind he is phoning it in and also a cancer and then I brought this to your attention. You then let me know about the prior day's conversation and we all agreed that this was the push over the cliff/final straw/nail in the coffin and he couldn't continue here. |

GPSI_00108036

# EXHIBIT Y

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


Jeremy Thacker,                          )
                                         )
            Plaintiff,                   )   Case No.
vs.                                      )   18-CIV-0063-PHX-DJH
                                         )
GPS Insight, LLC; et al.,                )
                                         )
            Defendants.                  )
_____)




DEPOSITION OF BOBBY WAYNE HOLDER



Phoenix, Arizona
May 15, 2018
1:01 o'clock p.m.




Walker Court Reporting
Registered Firm No. R1046
1900 W. Carla Vista, Suite 6284
Chandler, Arizona  85246
(480) 620-4472




PREPARED BY:  Laura D. Walker, RPR
              Certified Reporter
              No. 50195

1  I realize this isn't the policy that was in place at the

2  time, it's the only one that's been produced.

3        So I want to sort of ask about some of the

4  substance in here and whether you know -- I just want to

5  lay the foundation here for what I'm going to ask you,

6  so you aren't confused -- about how and if that was

7  practiced during Mr. Thacker's employment.  Okay?

8     A.   Uh-huh.

9     Q.   Could you open the handbook, Exhibit 16, to

10  page 7?

11    A.   (Witness complies.)

12    Q.   Under the heading "Equal Employment," after all

13  the bullet points, it says, "The company takes

14  allegations of discrimination, intimidation,

15  harassment, and retaliation very seriously and will

16  promptly conduct an investigation when warranted."

17        Do you know if that was the policy or practice

18  at GPSI during Mr. Thacker's employment?

19    A.   I do not know.

20    Q.   Okay.  Do you have an understanding in terms of

21  how complaints or allegations of discrimination,

22  harassment, or retaliation were handled at the time that

23  Mr. Thacker was employed?

24    A.   I do not.

25    Q.   Do you know who would know the answer to that

1   question?

2       A.   I would ask the manager of whomever it's

3   referring to.

4       Q.   So the manager over the employee who made the

5   allegation?

6       A.   Correct.

7       Q.   Because during Mr. Thacker's employment, the

8   manager or supervisor, or whatever, was the primary

9   person who handled those types of allegations; is that

10  correct?

11      A.   I don't know.

12      Q.   Okay.  You are not aware of anyone else that

13  did though?

14      A.   No.

15      Q.   If you could turn over to page 10.

16      A.   (Witness complies.)

17      Q.   Under the heading "Personnel Records" it talks

18  about the maintenance of various employment files.

19          Did you mention earlier, is that sort of part

20  of your responsibility, the maintenance of the employee

21  personnel files?

22      A.   Yes.

23      Q.   Is this first paragraph consistent with the

24  practice of GPSI during Mr. Thacker's employment?

25      A.   Yes.

1      Q.   Your practice.  And that's a good point.

2           Were references like that, were they filtered

3      through anybody in particular during that time frame?

4           MS. FRANCIS:  Object to foundation.

5           THE WITNESS:  I don't know.

6      Q.   BY MR. KRESIN:  Okay.  Do you know whether at

7      the time of Mr. Thacker's employment there was a written

8      harassment policy or not?  Or anti-harassment.

9      A.   I don't know.

10     Q.   Okay.  You don't have a recollection of --

11     A.   I don't recall.

12     Q.   On page 19, under "Performance Evaluation," it

13     states, "Employees will generally receive an appraisal

14     of their job performance annually," either written or

15     oral.  I'm sorry.  I will read it.  "This evaluation may

16     be either written or oral."

17          Was that the practice of GPSI at the time of

18     Mr. Thacker's employment?

19     A.   I don't know.

20     Q.   Okay.  Do you know whether this is being

21     practiced now?

22     A.   We are in the process of putting performance

23     evaluations together.

24     Q.   Okay.  If you could turn to page 21.

25     A.   (Witness complies.)

1    STATE OF ARIZONA          )
                                )    ss.
2    COUNTY OF MARICOPA         )

3
              BE IT KNOWN that the foregoing testimony
4
     was taken before me, LAURA D. WALKER, RPR, a Certified
5
     Court Reporter, No. 50195; that the witness before
6
     testifying was duly sworn to testify to the whole
7
     truth; that the questions propounded to the witness
8
     and the answers of the witness thereto were taken down
9
     by me in shorthand and thereafter reduced to
10
     typewriting by me or under my direction; that the
11
     foregoing pages are a true and accurate transcript of
12
     all proceedings had upon the taking of said testimony,
13
     all done to the best of my skill and ability.
14

15
              I FURTHER CERTIFY that I have complied with
16
     the ethical obligations set forth in the Arizona Code
17
     of Judicial Administration 7-206(F)(3) and Arizona
18
     Code of Judicial Administration 7-206 J(1)(g)(1) and
19
     (2).
20

21
              I FURTHER CERTIFY that I am in no way related
22
     to any of the parties hereto nor am I in any way
23
     interested in the outcome hereof.
24

25

1

2          DATED at Chandler, Arizona, this 28th day of

3     May, 2018.

4

                              Laura D. Walker, RPR
5                             Certified Reporter No. 50195

6               *     *     *     *     *     *     *

7

8

         I CERTIFY that WALKER COURT REPORTING, a
9
     Registered Reporting Firm in the State of Arizona, has
10
     complied with the ethical obligations set forth in the
11
     Arizona Code of Judicial Administration
12
     7-206(J)(1)(g)(1) and (2).
13

14

15
                        _____
16
                        Walker Court Reporting
17
                        Registered Reporting Firm
18
                            No. R1046
19

20

21

22

23

24

25

# EXHIBIT Z

outgoing,2017-01-18 23:04:29 +0000,Jack Donat,(480) 677-9335,0:00:18,

outgoing,2017-01-18 23:03:14 +0000,Robert Donat,(480) 993-9886,0:00:41,

missed,2017-01-18 22:27:40 +0000,--,(480) 893-1736,0:00:00,

incoming,2017-01-18 21:06:14 +0000,--,Anonymous,0:12:20,

outgoing,2017-01-18 21:00:14 +0000,--,(480) 893-1736,0:02:32,

incoming,2017-01-18 19:33:07 +0000,Alan Newmark,(480) 266-4206,0:00:45,

missed,2017-01-18 18:02:36 +0000,--,(480) 893-1736,0:00:00,

outgoing,2017-01-18 15:15:28 +0000,Pat Mundle,(847) 398-2092,0:22:42,

outgoing,2017-01-18 05:03:40 +0000,Alison McIlroy,(602) 430-8647,0:00:06,

facetime cancelled,2017-01-18 05:02:48 +0000,Alison McIlroy,(602) 430-8647,0:00:00,

incoming,2017-01-17 21:56:50 +0000,Al Dabagnaugh,(602) 653-5753,0:00:37,

outgoing,2017-01-17 21:55:47 +0000,Al Dabagnaugh,(602) 653-5753,0:00:03,

incoming,2017-01-17 19:54:50 +0000,--,(801) 621-2528,0:01:18,

outgoing,2017-01-17 17:51:29 +0000,Grant Anderson,(480) 558-6809,0:00:43,

incoming,2017-01-17 17:12:11 +0000,--,(480) 773-7308,0:01:23,

outgoing,2017-01-17 16:57:34 +0000,Elliot Batcheller,(602) 790-7680,0:00:17,

incoming,2017-01-17 02:21:35 +0000,Adam Pritchett,(602) 819-1014,0:02:28,

outgoing,2017-01-16 23:42:10 +0000,--,(602) 315-3843,0:08:05,

outgoing,2017-01-16 23:38:43 +0000,--,(602) 315-3843,0:03:06,

incoming,2017-01-16 17:47:33 +0000,--,(347) 676-2735,0:00:12,

missed,2017-01-16 17:36:53 +0000,Christopher Mowrer,(240) 432-7388,0:00:00,

incoming,2017-01-16 17:24:00 +0000,--,(602) 952-2081,0:00:20,

incoming,2017-01-16 17:03:48 +0000,Joe Ciolli,(602) 363-1142,0:11:35,

outgoing,2017-01-16 05:10:48 +0000,Susan Mulligan,(602) 692-8347,0:31:04,

outgoing,2017-01-16 02:13:14 +0000,Robert Donat,(480) 993-9886,0:16:41,

outgoing,2017-01-16 01:04:29 +0000,Pat Mundle,(847) 398-2092,0:19:34,

incoming,2017-01-15 23:19:45 +0000,Pat Mundle,(847) 398-2092,0:00:23,

incoming,2017-01-15 22:17:51 +0000,Gabby Barcenas,(719) 213-8145,0:00:33,

outgoing,2017-01-15 22:15:51 +0000,Gabby Barcenas,(719) 213-8145,0:00:03,

outgoing,2017-01-15 21:42:36 +0000,--,911,0:01:14,

outgoing,2017-01-15 16:58:46 +0000,Robert Donat,(480) 993-9886,0:04:16,

outgoing,2017-01-15 16:58:16 +0000,Robert Donat,(480) 993-9886,0:00:04,

incoming,2017-01-15 05:10:47 +0000,Chanel Dugan,(602) 509-3839,0:09:52,

outgoing,2017-01-15 05:04:43 +0000,Chanel Dugan,(602) 509-3839,0:00:03,

outgoing,2017-01-15 04:11:23 +0000,Robert Donat,(480) 993-9886,0:00:55,

outgoing,2017-01-14 22:29:23 +0000,Joe Ciolli,(602) 363-1142,0:01:36,

outgoing,2017-01-14 22:04:19 +0000,Ron Bernaud,(602) 332-9714,0:00:45,

incoming,2017-01-14 21:02:36 +0000,Tim Woods,(602) 501-9597,0:00:37,

incoming,2017-01-14 20:40:15 +0000,Tim Woods,(602) 501-9597,0:00:54,

incoming,2017-01-14 18:33:06 +0000,Laszlo Pinter,(602) 327-3356,0:00:46,

outgoing,2017-01-14 18:28:46 +0000,GO AZ Motorcycles,(480) 609-1800,0:03:32,

outgoing,2017-01-14 18:28:15 +0000,Laszlo Pinter,(602) 327-3356,0:00:05,

outgoing,2017-01-14 18:27:33 +0000,Pat Mundle,(847) 398-2092,0:00:07,

outgoing,2017-01-14 17:28:15 +0000,Jack Donat,(480) 677-9335,0:00:05,

missed,2017-01-14 03:01:48 +0000,Ryan Donat,(480) 544-3899,0:00:00,

incoming,2017-01-14 02:30:43 +0000,Tim Woods,(602) 501-9597,0:02:59,

outgoing,2017-01-14 02:29:51 +0000,Thomas Pomeroy,(480) 318-3244,0:00:05,

outgoing,2017-01-14 01:52:09 +0000,Robert Donat,(480) 993-9886,0:03:35,

```
outgoing,2017-01-29 04:26:23 +0000,--,(602) 340-1924,0:00:28,
outgoing,2017-01-29 03:14:08 +0000,Chanel Dugan,(602) 509-3839,0:00:36,
outgoing,2017-01-29 01:02:25 +0000,Robert Donat,(480) 993-9886,0:01:39,
outgoing,2017-01-28 21:26:05 +0000,Ron Bernaud,(602) 332-9714,0:18:24,
outgoing,2017-01-28 21:08:45 +0000,Ryan Donat,(480) 544-3899,0:00:24,
incoming,2017-01-28 19:53:07 +0000,Travis Steele,(602) 329-3900,0:01:05,
incoming,2017-01-28 18:04:45 +0000,--,(480) 225-9291,0:01:32,
facetime cancelled,2017-01-28 15:37:07 +0000,Alison McIlroy,(602) 430-8647,0:00:00,
outgoing,2017-01-28 09:06:27 +0000,--,(520) 251-9678,0:00:31,
missed,2017-01-28 05:04:32 +0000,Alison McIlroy,(602) 430-8647,0:00:00,
outgoing,2017-01-28 04:22:42 +0000,Shelly Anzivino,(480) 293-4468,0:01:36,
outgoing,2017-01-28 03:05:03 +0000,Ryan Donat,(480) 544-3899,0:01:05,
outgoing,2017-01-28 00:55:11 +0000,Brian Mackin,(480) 363-0058,0:04:43,
outgoing,2017-01-28 00:22:14 +0000,Elliot Batcheller,(602) 790-7680,0:20:28,
incoming,2017-01-27 20:00:30 +0000,--,(480) 696-6414,0:00:38,
incoming,2017-01-27 18:42:36 +0000,--,(480) 635-3052,0:05:00,
outgoing,2017-01-27 18:40:46 +0000,--,(480) 635-3052,0:00:37,
incoming,2017-01-27 18:29:14 +0000,Alan Otto,(602) 571-8001,0:11:07,
outgoing,2017-01-27 18:28:48 +0000,--,(480) 635-3052,0:00:29,
incoming,2017-01-27 18:22:57 +0000,--,(480) 635-3052,0:00:17,
outgoing,2017-01-27 18:18:07 +0000,Alison McIlroy,(602) 430-8647,0:09:57,
outgoing,2017-01-27 18:05:22 +0000,Kristin Miller,(602) 828-7417,0:12:15,
outgoing,2017-01-27 17:53:18 +0000,Kerri MacLennan,(623) 308-4645,0:00:29,
incoming,2017-01-27 17:43:55 +0000,--,(713) 528-4823,0:00:09,
outgoing,2017-01-27 17:22:54 +0000,Alan Otto,(602) 571-8001,0:00:08,
incoming,2017-01-27 05:20:09 +0000,--,(617) 851-0473,0:11:57,
outgoing,2017-01-27 04:11:38 +0000,Robert Donat,(480) 993-9886,0:13:30,
outgoing,2017-01-27 01:25:00 +0000,--,(760) 891-2928,0:00:51,
incoming,2017-01-27 01:20:35 +0000,--,(619) 218-3896,0:01:23,
incoming,2017-01-26 22:03:26 +0000,Craig Krumweide,(480) 250-9612,0:02:59,
outgoing,2017-01-26 20:41:31 +0000,Craig Krumweide,(480) 250-9612,0:00:02,
incoming,2017-01-26 20:11:38 +0000,Alan Otto,(602) 571-8001,0:01:24,
outgoing,2017-01-26 19:30:56 +0000,Brent Erickson,(480) 717-2153,0:00:59,
outgoing,2017-01-26 18:58:23 +0000,Alan Otto,(602) 571-8001,0:00:02,
outgoing,2017-01-26 15:46:32 +0000,Brian Mackin,(480) 363-0058,0:00:13,
outgoing,2017-01-26 15:03:37 +0000,Lennon Kaler,(480) 980-7200,0:00:03,
outgoing,2017-01-26 14:51:45 +0000,Robert Donat,(480) 993-9886,0:01:01,
outgoing,2017-01-26 00:42:20 +0000,Jennifer Dearing,(480) 510-0128,0:00:34,
outgoing,2017-01-25 22:25:31 +0000,--,(480) 585-0385,0:00:28,
outgoing,2017-01-25 22:22:17 +0000,Elliot Batcheller,(602) 790-7680,0:02:46,
incoming,2017-01-25 21:34:13 +0000,Tim Woods,(602) 501-9597,0:01:34,
incoming,2017-01-25 20:53:07 +0000,Joseph Cafferelli,(509) 509-6085,0:03:47,
outgoing,2017-01-25 20:04:32 +0000,Elliot Batcheller,(602) 790-7680,0:01:28,
incoming,2017-01-25 19:03:14 +0000,Wayne Holder,(480) 695-2256,0:01:41,
outgoing,2017-01-25 19:02:00 +0000,Gabby Barcenas,(719) 213-8145,0:00:25,
outgoing,2017-01-25 18:58:49 +0000,Wayne Holder,(480) 695-2256,0:00:03,
outgoing,2017-01-25 18:06:25 +0000,Konvalia Zakzrewski,(773) 485-1708,0:24:33,
outgoing,2017-01-25 17:52:05 +0000,--,(480) 868-2702,0:00:28,
```

# EXHIBIT AA

| 215 | Kristin Lisson | Jan 10, 2017 12:49 PM | | Not sure why I didn't say it out loud. Maybe just don't want to mess any more with your stasis (ha). I love you. â�¤ï¸� And miss you. And I'm sorry I got so far away from you. And I can't help you move. And I hope the 2 lost months don't damn any long term possibility together. Worst case I will have to go through what you did, which is my of own doing. And I'll be ok. Best case we can restart starting with friends and I promise not to ðŸ'". Anything you need please ask. ðŸ¯ |
| 216 | Kristin Lisson | Jan 10, 2017 01:28 PM | Thank you! I'm sorry that I didn't say anything sooner. It was all unfolding day by day, and I didn't know where you stood. Figured it was best to let you do your thing and not force you to discuss things if you didn't want to. Then everything with Jeremy happened so quickly and unexpectedly (sharing of feelings), and I'm more overwhelmed than ever about where I am, where I'm headed, and where I even live. I don't want to let you or anyone down, so I may purposely distance myself from everyone temporarily until I can get my bearings and figure out what I'm doing. I have your number...and know where you live and work, for that matter. :) | |
| 217 | Kristin Lisson | Jan 10, 2017 01:38 PM | | I get it and as long as it's equal opportunity distancing from all parties I will be a much much happier and more optimistic camper. |

GPSI_00108141

# EXHIBIT AB

| 218 | Kristin Lisson | Jan 10, 2017 01:39 PM | | Window ok? |
| 219 | Kristin Lisson | Jan 10, 2017 01:40 PM | Yep...ðŸ˜‰ | |
| 220 | Kristin Lisson | Jan 10, 2017 01:42 PM | | Trying to find a gif of a guy hitting himself in the head with a shoe saying "stupid stupid stupid" to show you how I really feel. |
| 221 | Kristin Lisson | Jan 10, 2017 01:44 PM | | Just met with IRS guy again and gotta get him something.  I feel so much better even knowing what you told me than I did beforehand.  Thank you.  You've been so good for me and I'm an idiot for not protecting that. |
| 222 | Kristin Lisson | Jan 10, 2017 02:41 PM | Laughed at â€œTrying to find a gif of a guy hitting himself in the head with a shoe saying "stupid stupid stupid" to show you how I really feel.  â€� | |
| 223 | Kristin Lisson | Jan 10, 2017 03:04 PM | You're not an idiot; you're understandably cautious and protective of many other important things. I don't blame you for that. You've built an empire and it's not wise to fuck with that given how many people rely on it (and you) for their security. I'm glad you care so much. I LOVE the books...for so many reasons. Thank you for telling me what they meant to you. I can't wait to set them up in the kids' room. ðŸ˜Š | |

GPSI_00108142

# EXHIBIT AC

| 224 | Kristin Lisson | Jan 10, 2017 03:06 PM | | I'm glad you understand and also hope you get that you're important enough to me to risk some (not all) of that. And how tangled this web could get. And why no one could know retroactively should we surface. |
| 225 | Kristin Lisson | Jan 10, 2017 03:08 PM | | Also, not to pile on JT but I just realized you live over there with him too now!!! What could go wrong? Please be deliberate and know I'm willing and able to get to the next level with you (either up OR down... ðŸ˜ž) |
| 226 | Kristin Lisson | Jan 10, 2017 03:09 PM | What do you mean get to the next level with me down? | |
| 227 | Kristin Lisson | Jan 10, 2017 03:09 PM | | Meaning if you want to take it back down to friend zone permanently. |
| 228 | Kristin Lisson | Jan 10, 2017 03:10 PM | Except for the last part, I thought that's where we were. (Nothing is ever permanent.) | |
| 229 | Kristin Lisson | Jan 10, 2017 03:11 PM | You mean you need/should close it completely if I pursue something more with JT? | |
| 230 | Kristin Lisson | Jan 10, 2017 03:11 PM | | Not what I meant |
| 231 | Kristin Lisson | Jan 10, 2017 03:12 PM | | If you want to close the door on us permanently is what I meant |
| 232 | Kristin Lisson | Jan 10, 2017 03:14 PM | | I know I'm just trying to reconcile the long wait for you to actually be "on the market" with "I've lost my long term chance possibly to JT". "I've made a huge mistake" |

# EXHIBIT AD

**3/1/17, 3:20 PM from Rob Donat**

Happy Anniversary nonetheless. Miss you. <mark>Last night weirdly I woke around 2 and couldn't get back to sleep and it reminded me of the night I was going insane thinking about you 2.</mark> Was thinking about it again last night but it was the byproduct not the cause. Cause was I just went to sleep too early. Off to Condo. Call me if you want later I'll be free til 5:30 dinner with buddy.

**3/1/17, 3:48 PM to Rob Donat**

Ok. Now good?

**3/1/17, 4:31 PM from Rob Donat**

Yes

**3/1/17, 4:31 PM from Rob Donat**

Sorry was driving didn't see that.

**3/1/17, 4:32 PM to Rob Donat**

I'm driving now if you still have time

**3/1/17, 4:32 PM from Rob Donat**

Sure

**3/1/17, 6:22 PM to Rob Donat**

I really appreciated the talk today. Thank you. It wasn't how I wanted it to go or what I EVER would've imagined a year ago that we would be talking about, but I do value your candor.

# EXHIBIT AE

Feb 23, 2017, 1:49:19 PM Eastern Time: Tyler Mortensen: "Did you get that cmi order sorted out yesterday? Carrie was getting frustrated trying to figure out what to do"

Feb 23, 2017, 1:54:53 PM Eastern Time: Me: "I think so. I was as frustrated. I entered the same information that was in Container Freight."

Feb 23, 2017, 1:56:15 PM Eastern Time: Me: "How would I know the part numbers for the new SKU we had for these devices? I don't understand why Sales is the only person who can enter information in NS when we don't know anything about it."

Feb 23, 2017, 1:57:23 PM Eastern Time: Tyler Mortensen: "K well let's chat about it later."

Feb 23, 2017, 1:57:29 PM Eastern Time: Tyler Mortensen: "Just wanted to check in"

Feb 23, 2017, 1:58:16 PM Eastern Time: Me: "Yeah, I think it's worked out."

Feb 23, 2017, 2:00:16 PM Eastern Time: Tyler Mortensen: "I think it worked out, but not without a mess, multiple people were upset about this yesterday"

Feb 23, 2017, 2:06:39 PM Eastern Time: Me: "I literally copied and pasted from Container Freights record in NS."

Feb 23, 2017, 2:09:12 PM Eastern Time: Tyler Mortensen: "Not arguing, just explaining. We can chat about it later"

Feb 23, 2017, 2:09:20 PM Eastern Time: Tyler Mortensen: "Heading to lunch with prospects"

Feb 23, 2017, 2:16:46 PM Eastern Time: Me: "Didn't think you were."

Feb 23, 2017, 3:45:05 PM Eastern Time: Me: "https://slickdeals.net/share/android_app/fp/266935"

Feb 23, 2017, 3:45:12 PM Eastern Time: Me: "$150 is hard to beat"

Feb 23, 2017, 5:01:59 PM Eastern Time: Tyler Mortensen: "That's a crazy good deal"

Feb 24, 2017, 5:10:06 PM Eastern Time: Me: "Any word on LCRA?"

Feb 24, 2017, 5:11:41 PM Eastern Time: Me: "I mean Amerisure."

Feb 24, 2017, 5:26:19 PM Eastern Time: Tyler Mortensen: "Yea I talked to Jason about it. He's trying to figure out details and what you would get, and how it would work. Any earnouts have to be approved by Rob, so once Jason figures that out he'll need Rob to approve it"

Feb 24, 2017, 5:27:36 PM Eastern Time: Me: "Oh jeez. Well that should be fun. I'm prolly best to write that off."

Feb 24, 2017, 5:30:29 PM Eastern Time: Me: "Thanks for asking him about it regardless"

Feb 24, 2017, 5:31:04 PM Eastern Time: Tyler Mortensen: "Yea not the best timing, but he is trying to play it the right way"

Feb 24, 2017, 5:31:27 PM Eastern Time: Tyler Mortensen: "Might be better to see what happens with them this year and then see"

Feb 24, 2017, 5:32:07 PM Eastern Time: Me: "Hahaha"

Feb 24, 2017, 5:33:00 PM Eastern Time: Me: "Sorry, it's just comical how this is. Not your fault. It's just insane"

Feb 24, 2017, 5:34:04 PM Eastern Time: Tyler Mortensen: "I don't mean the entire year, we may get all of the Amerisure units in within 4 months"

Feb 24, 2017, 5:34:20 PM Eastern Time: Tyler Mortensen: "Then we could put together an ear out and get him to approve it"

Feb 24, 2017, 5:34:53 PM Eastern Time: Me: "Does anyone really believe that Rob is getting softer, more fair, or less prideful as time passes?"

Feb 24, 2017, 5:36:27 PM Eastern Time: Tyler Mortensen: "Does anyone think he'll give you an ear out on that now?"

Feb 24, 2017, 5:36:41 PM Eastern Time: Tyler Mortensen: "Earn out"

Feb 24, 2017, 5:37:52 PM Eastern Time: Tyler Mortensen: "Jason had to figure out what you should get as well. The only earn-outs Rob's ever approved were Josh and David, and they had near or more than a thousand units sold before they passed them on"

Feb 24, 2017, 5:38:38 PM Eastern Time: Me: "He shouldn't have to. Jason told me I'd be taken care of on it. I don't remember the part of whether rob approves or anything else. If Rob is not willing to pay me because of who I'm dating, I shouldn't be the only one willing to say it"

Feb 24, 2017, 5:40:25 PM Eastern Time: Me: "Like I said, I'm just writing it off. I won't ask about it again. It's not worth it."

Feb 24, 2017, 5:57:26 PM Eastern Time: Tyler Mortensen: "I will always try and do as much as I can to help you but at the expense of you getting mad every time I do, I wonder why I keep trying."

Feb 24, 2017, 5:58:32 PM Eastern Time: Tyler Mortensen: "I push too much with Jason to try and do right by you, you get upset when it doesn't work out, and I get nowhere..."

Feb 24, 2017, 5:59:26 PM Eastern Time: Me: "I'm not mad at you at all. I'm sorry it feels like that. I know where the blame lies"

Feb 24, 2017, 6:01:10 PM Eastern Time: Me: "I just don't think it's right that anyone continues to ask people to trust the company"

Feb 24, 2017, 6:02:32 PM Eastern Time: Tyler Mortensen: "I understand where you're coming from as well. we need to figure out the best way to make this work."

Feb 24, 2017, 6:03:09 PM Eastern Time: Tyler Mortensen: "Or just realize that despite best intentions or efforts it's probably not going to"

Feb 24, 2017, 6:08:33 PM Eastern Time: Me: "Whose best intentions? Mine and yours aren't enough."

Feb 24, 2017, 6:09:39 PM Eastern Time: Tyler Mortensen: "That's why I said I don't know if it will work"

THACKER65932

# EXHIBIT AF

Feb 10, 2017, 11:42:16 AM Eastern Time: Tyler Mortensen: Are you coming in? Need you here asap

Feb 10, 2017, 11:42:27 AM Eastern Time: Tyler Mortensen: Or to look at Martin's and rays email asap

Feb 16, 2017, 3:57:37 PM Eastern Time: Me: Please don't say anything. At least not yet, it will just escalate things at this point and that will only hurt the people who have already been hurt.

Feb 16, 2017, 3:59:04 PM Eastern Time: Tyler Mortensen: Ok, I won't

Feb 16, 2017, 10:53:35 PM Eastern Time: Me: I just sent an email to your personal email. I am only texting you because you've mentioned you don't check it often not because I need a response of any kind.

Feb 16, 2017, 10:54:12 PM Eastern Time: Tyler Mortensen: Ok, I'll go check it out in a few.

Feb 16, 2017, 10:54:32 PM Eastern Time: Tyler Mortensen: I'm nervous

Feb 16, 2017, 10:54:49 PM Eastern Time: Me: Don't be

Feb 16, 2017, 10:55:24 PM Eastern Time: Me: I'm just explaining a little more of the situation so you have options and understanding.

Feb 16, 2017, 10:56:54 PM Eastern Time: Tyler Mortensen: Ok

Feb 16, 2017, 11:58:04 PM Eastern Time: Tyler Mortensen: I read it, and understand all of your thoughts and feelings. You're not in an easy position, especially because of the type of person you are (a good person if you were wondering). Professionally I want to help you keep your job, and be successful in your role, in all ways that I can. Personally I want you to be happy. At some point I don't know how possible both will be.

Feb 16, 2017, 11:58:08 PM Eastern Time: Tyler Mortensen: And by the way.....

Feb 16, 2017, 11:58:17 PM Eastern Time: Tyler Mortensen: I finished ShoeDog

Feb 16, 2017, 11:58:19 PM Eastern Time: Tyler Mortensen: Loved it

Feb 16, 2017, 11:59:26 PM Eastern Time: Me: Glad you loved it.

Feb 17, 2017, 12:00:34 AM Eastern Time: Tyler Mortensen: We can chat more about all of this, I'm not sure I know how to handle or what to do though

Feb 17, 2017, 12:01:03 AM Eastern Time: Tyler Mortensen: It will stay between us, I won't say anything to Jason

Labels: Text

THACKER01018

EXHIBIT AG

Feb 1, 2017, 6:31:22 PM Eastern Time: Me: "What about Amerisure or is that my problem too"

Feb 1, 2017, 6:32:42 PM Eastern Time: Tyler Mortensen: "I'm still trying to talk to him about that one"

Feb 1, 2017, 6:32:51 PM Eastern Time: Tyler Mortensen: "Do you think I'm not trying to help you?"

Feb 1, 2017, 6:34:03 PM Eastern Time: Me: "I know you are. I'm just tired of the shit rolling downhill. Im happy to go directly to the sources if need be. I don't want you to have to be in the middle. I'm not upset with you."

Feb 1, 2017, 6:35:22 PM Eastern Time: Tyler Mortensen: "I'm trying to help you get paid and also keep this from getting messy"

Feb 1, 2017, 6:36:06 PM Eastern Time: Tyler Mortensen: "You don't have to listen to me but if you go directly to Jason or James it probably will, so if you do just approach it the right way"

Feb 1, 2017, 6:37:06 PM Eastern Time: Me: "I know your are but maybe it needs to get messy. Ask James if he'll wait a quarter for his bonus because of an accounting change that he didn't know about"

Feb 1, 2017, 6:37:41 PM Eastern Time: Tyler Mortensen: "I totally get it, I'm not sure he thinks about it that way, but should"

Feb 1, 2017, 7:41:59 PM Eastern Time: Me: "What do you suggest that I do? I've been paid $5,036.86 in commission since June 2016. The third year in a row, the company has changed policy without telling me or made a ruling that I shouldn't get the $ I was expecting. I've got an owner breaking laws and every rule of decency in regards to my personal life. I have the flagship ELD on the books with more to come after 1.5 years of courting, after creating the solution that works after being told it wouldn't, and to top it off, I'm not only not being paid on half of the revenue because it's ELD but my pay is being delayed because it's ELD. I'm not asking for special treatment, apologies, or even acknowledgment. I just want to be able to know ahead of time when I will be paid. How can I plan? How can anyone plan when they aren't given information? Is Jason OK if I start forecasting AFTER the fact? I highly doubt it. I don't know what to do any more if this is the reward for hard work."

Feb 1, 2017, 8:32:34 PM Eastern Time: Tyler Mortensen: "I think we need to separate orders if ELD devices are in back order, for a number of reasons. Let me have that conversation with James and Jason. Otherwise I don't know what else I can do, but I understand you're frustration. I think you should have a conversation with Jason if it's affecting you're future with the company."

Feb 1, 2017, 8:41:50 PM Eastern Time: Me: "It is effecting my future with the company but, at this point, I'm not sure I trust that I can be honest without unfair repercussions. I think I'm better off saying nothing instead of trying to have a fair dialogue. While the company has held me accountable, they've never once taken any accountability. It's not just Rob and Elliot but Jason too."

Feb 1, 2017, 8:55:37 PM Eastern Time: Me: "My mind isnt made up about anything and I know I'm just mad. I still am happy and don't want this to negatively effect this. I just don't see how to continue down this path of having my livelihood in the hands of people who are making decisions that have tremendous effects on others without even relaying those changes ahead of time. Like I said, I just need to be able to know what to expect."

Feb 1, 2017, 9:03:44 PM Eastern Time: Tyler Mortensen: "Yea I get that. I think we need to change this process specifically, as mentioned. It doesn't make sense to me"

Feb 1, 2017, 9:06:15 PM Eastern Time: Tyler Mortensen: "Let me work on that"

Feb 1, 2017, 9:07:43 PM Eastern Time: Me: "I don't want to cause any trouble for you. I hate having to ask you to get in the middle. I don't want friction and honestly, I can't understand how the company can be so short-sided in some of these situations. I didn't get paid for 5 months on Pasadena because of our Accounting issues and SHI (which is our fault too). What is the risk in paying the Salespeople in those situations? We are treated like we are in it together but we aren't in it together. My profit sharing bonus went up $200 annually. I dont want to leave or cause issues. I am happy and feel like the company should be happy with me. I don't know why it seems like they go out of their way to fuck with me or make an example of me."

Feb 1, 2017, 9:11:11 PM Eastern Time: Me: "I hope the irony of this happening on the day the company is doing an ELD launch by playing a game on the tablets using a browser that was "not possible to install" isn't lost on you. You've got to admit, it's pretty damn funny."

Feb 1, 2017, 9:12:20 PM Eastern Time: Tyler Mortensen: "I wasn't in there but that is funny"

Feb 1, 2017, 9:12:46 PM Eastern Time: Tyler Mortensen: "I'll stop when I should and when it's not worth pushing"

Feb 1, 2017, 9:22:15 PM Eastern Time: Me: "OK, I've been much happier flying under the radar and not arguing. That's where I've hoped to stay. I just couldn't afford for this to continue to drag on without an end in sight. If I hadn't invoiced them, I wouldn't be getting paid until at least April because it's Feb and we still haven't shipped the full order. I feel like I've been extraordinarily reasonable for the last year and not demand much of anything. I was much happier and the company was happier with me. I don't want to go backwards out of necessity. Thanks and I'm sorry if it comes across as me being upset with you and for it being a thing at all."

Feb 1, 2017, 9:28:35 PM Eastern Time: Tyler Mortensen: "Not a problem, no one is going to like waiting that long, you're just the first person to sell one that worked out jay way"

Feb 1, 2017, 9:28:37 PM Eastern Time: Tyler Mortensen: "That"

Feb 1, 2017, 9:29:16 PM Eastern Time: Tyler Mortensen: "We've never had two part hardware and software configurations that could buy bought at the same time but shipped and used and billed separately"

Feb 1, 2017, 9:31:10 PM Eastern Time: Me: "Lesson is to not be the pioneer because the company will not reward you. 1st SHI deal, 1st big ELD deal."

THACKER65927

Feb 1, 2017, 9:31:34 PM Eastern Time: Tyler Mortensen: "We're pioneers"

Feb 1, 2017, 9:32:28 PM Eastern Time: Me: "I know. Even with this shit, It's still better than staring at other peoples asses."

Feb 1, 2017, 9:45:54 PM Eastern Time: Tyler Mortensen: "Lara and cmi will make this year amazing for you. Don't lose sight of that, let's make it happen and let me sort this other stuff out"

Feb 1, 2017, 9:46:23 PM Eastern Time: Tyler Mortensen: "You stay out of harms way and under the radar, the only attention you need is on your successes"

Feb 1, 2017, 9:48:23 PM Eastern Time: Me: "Thank you. I'll keep my eye on the prize. It just stings when I feel like I'm fighting James and Jason too. I'm good though"

Feb 1, 2017, 9:48:54 PM Eastern Time: Tyler Mortensen: "You're not, even though it can feel like it"

Labels: Text, Inbox

THACKER65928

# EXHIBIT AH

| From: | Robert Donat [/O=MEX09/OU=EXCHANGE ADMINISTRATIVE GROUP |
|---|---|
| | (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=476FA6BFBF3D497EB317D94B8093325B-RDONAT] |
| Sent: | 3/11/2017 2:43:17 AM |
| To: | Jeremy Thacker [jeremy@thackerfamily.com] |
| Subject: | Re: Deleted emails. |

Thank you. That's what I needed to know.  Believe it or not Jeremy, it's not your relationship with KL that you got fired over.  It's the numerous things Jason and Tyler related to you Thursday without any of my knowledge.  When numerous employees complain to me about you unsolicited and I rarely see you do any work related activity, I bring it to their attention.  They investigated.  You had one material phone call that week.  We had no initial way to determine if you had done work at since you deleted your (our) work email.  It is not ok for you to nuke work emails just because you think there may be a backup.  That's malicious and damaging behavior.  Kristin actually suggested to me on the phone call SHE initiated 3/1 that I check your phone records since I was of the (correct) opinion you weren't actually working and she feels you are an amazing employee. I validated your lack of phone activity along with your character in 5 minutes flat Thursday AM. I didn't plan to bring the the recording to Jason's attention until Elliot explained your insolent conversation with Jason and Tyler the day prior.  They immediately decided it was the final straw and that we needed to part ways.  In fact Jason told me that after digesting your attitude from that meeting he was likely to let you go anyway.

If any of us felt you were a good person, we (and specifically I) would have no issues whatsoever, in fact would be happy for, your relationship with Kristin.  Good people don't jeopardize uninitiated single moms' lives, sanity, and custody with schedule 1 drugs.  I find that act deplorable and dangerous.

The reality you choose to ignore is you are an angry, unkind malcontented individual and not a positive factor to the culture in our company, which you know is important to me and us all.  And this is not the first time you have started up a damaging and dangerous relationship with an employee.

I'm fact, since you have "come out" with the relationship I hear nothing but negative comments regarding it to include Kristin.  I let her know this a month or so ago, as I'm
concerned with how people regard her as a manager and key employee.  She and I recently revisited the conversation based on something she approached ME about and unfortunately my advice was relayed to you in a way I didn't expect to snowball as it did.

As for the Chicago thing, I was curious if that was still something you were still interested in.  Nothing more.  Jason mentioned it to Kristin and you both read far more into it than was worth your time.

That is precisely why your relationship puts Jason in a difficult position and why he has distanced himself from her, and why she approached me recently, upset about how others have begun to treat her.

I don't want people in the company who damage others.  I never damaged Kristin other than emotionally by distancing myself so I didn't affect her final decision about Jesse, and frankly, because it wasn't a good long term realistic relationship for either of us, as much we may have loved each other.  I have plenty of backup from her to that effect, going back to day one.  In fact the 2 times I upset her the most, she ran pretty much (over the phone then over to Kona) into Robert's and your arms.  I am
glad she had someone to help her through that time.  I couldn't be the reason she definitively left a good guy and shouldn't have gotten involved to begin with, but as you know, she is a wonderful person.

I understand the rock and a hard place she was in and the reason for the leaks to you and the lies about them.  We are all willing to forget everything happened and start work Monday moving forward.  She is talented and valued and deserves to grow and succeed with GPS Insight and I am committed (quite obviously I think you should see) to doing everything possible to ensure her continued success and security.