**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Thacker,<br><br>Plaintiff,<br><br>v.<br><br>GPS Insight LLC, et al.,<br><br>Defendants. | No. CV-18-0063-PHX-DGC<br><br>**ORDER** |

On August 14, 2019, the Court issued an order denying Plaintiff's motion for summary judgment. Doc. 151. Plaintiff has filed a motion for reconsideration, to which Defendant has responded. Docs. 153, 160. Plaintiff has also filed a motion for leave to file a reply. Doc. 161. The Court will deny both motions.

**I.     Legal Standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see also United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance*

*Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

## II. Discussion.

Plaintiff contends that the Court misconstrued the evidence regarding his Title VII retaliation claim and committed manifest error in holding that Kristin Lisson did not engage in protected activity prior to his termination. Doc. 153 at 2. Plaintiff reiterates evidence presented in his original motion and provides new authority without explaining why it could not have been brought to the Court's attention earlier. For this reason, the Court will deny the motion. *See* LRCiv 7.2(g)(1); *Salt River Project Agric. Improvement & Power Dist. v. Trench France SAS*, No. CV-17-01468-PHX-DGC, 2017 WL 6554860, at *1 (D. Ariz. Dec. 22, 2017) ("reconsideration will not be granted on the basis of legal authority that could . . . have been brought to the Court's attention earlier with reasonable diligence.").

But even considering this new authority, the result would remain the same. The Court considered and rejected Plaintiff's assertion that Lisson's opposition to Robert Donat's advances rose to the level of protected activity under Title VII. The Court reviewed the evidence cited by Plaintiff and found that it either related to matters other than Title VII harassment (allegations that Donat caused Lisson to have a panic attack or that she was threatening her professional reputation by associating with Plaintiff), or concerned complaints of harassment made after Plaintiff was terminated. Doc. 151 at 9-10. Plaintiff now stresses that Lisson rejected Donat's romantic advances, and that such rejection can amount to protected activity. But each of these alleged rejections occurred in the context of Lisson ending her romantic relationship with Donat in favor of a new relationship with Plaintiff. In this context, Lisson's alleged rejections would not have made Donat "reasonably . . . aware that [she was] engaging in protected activity." *Ekweani v. Ameriprise Fin., Inc.*, No. CV-08-01101-PHX-FJM, 2010 WL 481647, at *6 (D. Ariz. Feb. 8, 2010) (citing *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982)); *see also Quinones v. Potter*, 661 F. Supp. 2d 1105, 1126-27 (D. Ariz. 2009) (citing *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 291-92 (2d Cir. 1998) for the

proposition that "implicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII").

Plaintiff next contends that the Court erred in interpreting the transcript of Plaintiff's March 2 meeting with Jason Walker and Tyler Mortenson. Plaintiff argues the Court erred by finding that Plaintiff "was referring to the Vice President, Elliot Batcheller, not Donat" at this meeting. Doc. 151 at 8. Plaintiff is correct. But even with the transcript referring to Donat as the primary culprit for the hostile workplace, the result is the same. As the Court explained in its previous order, "mere assertions of hostility are insufficient to constitute protected activity without alleging discrimination or harassment based on age, race, sex, or another Title VII protected category." Doc. 151 at 8.

Nor will the Court reconsider its conclusion that Plaintiff did not engage in protected activity in his communications with Mortenson prior to his termination. Doc. 151 at 7-8. The Court rejected Plaintiff's arguments because his complaints to Mortenson concerned compensation or his relationship with Lisson, an invalid Title VII theory. *Id.* at 4-5, 7. Plaintiff again reiterates arguments made in his summary judgment brief, without indicating where the Court erred. *See* Doc. 129 at 3-4. Motions for reconsideration may not repeat arguments already made, and mere disagreement with a court's order is insufficient grounds for reconsideration. *See* LRCiv 7.2(g)(1) ("No motion for reconsideration of an Order may repeat any oral or written argument made"); *see also United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) ("A motion for reconsideration should not be used to ask the court 'to rethink what the court had already thought through[.]'").

Plaintiff also argues that because the Court found an issue of fact regarding Donat's participation in his termination, there must be an issue of fact relating to his Title VII claim as well. This comparison is inapposite. Because neither Lisson nor Plaintiff engaged in protected activity, there is no Title VII claim, whether or not Donat was involved.

Finally, Plaintiff has filed a motion for leave to file a reply, arguing that Defendant's

reliance on new excerpts from Lisson's deposition is inappropriate. Doc. 161.[1] The Court has not relied on this evidence, and the motion for leave to file a reply will therefore be denied.

**III.  Plaintiff's Request for Additional Discovery.**

The Court previously ruled on various discovery issues between the parties, and stated that it would rule on the text messages between Lisson and Donat after it resolved Plaintiff's motion for reconsideration. Doc. 155. The Court now addresses the parties' text message dispute.

This case has a troubled discovery history. As Judge Humetewa explained, the parties' discovery disagreements spanned months and many filings with the Court. Doc. 134 at 1-3. Judge Humetewa noted that Plaintiff's previous counsel sought all discovery, including the texts Plaintiff now seeks, through Defendant's voluntary disclosures under the Court's MIDP pilot. She stated: "It has become clear to the Court that Plaintiff is attempting to use the rules of the MIDP to expand its intended purpose and to reopen and expand the scope of discovery." *Id.* at 3. Defendant included the texts it believed to be relevant in its MIDP disclosures, Plaintiff disagreed, but Plaintiff did not serve timely requests for production that sought additional texts. Judge Humetewa denied Plaintiff's request for the additional texts. *Id.* at 6.

Plaintiff's current counsel raises the same issue, arguing again that Defendant has wrongly withheld text messages between Lisson and Donat that are relevant to this case. But Plaintiff never sought reconsideration of Judge Humetewa's ruling on this issue and does not explain why the Court should revisit it now. Because Plaintiff did not serve timely requests for production concerning the texts, Judge Humetewa resolved this issue after months of dispute, and the discovery period has long since closed, the Court will not reopen discovery now and require production of additional text messages.

/ / /

---

[1] Plaintiff also "objects to and moves to strike" this new evidence. Doc. 161 at 1. This motion is improper and is accordingly denied. *See* LRCiv 7.2(m).

**IT IS ORDERED**:

1. Plaintiff's motion for reconsideration (Doc. 153) is **denied**.
2. Plaintiff's objection and motion for leave to file a reply (Doc. 161) is **denied**.
3. Plaintiff's request for additional discovery of text messages is **denied**.

Dated this 27th day of September, 2019.

David G. Campbell
Senior United States District Judge