Carrie M. Francis (020453)
Stefan M. Palys (024752)
Michael Vincent (029864)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email: carrie.francis@stinson.com
stefan.palys@stinson.com
michael.vincent@stinson.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Thacker,<br><br>  Plaintiff,<br><br>v.<br><br>GPS Insight, LLC; Robert J. Donat, Individually and as Trustee of The Robert Donat Living Trust Dated April 19, 2017,<br><br>  Defendants. | No. 2:18-cv-00063-PHX-DGC<br><br>**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR THE USE OF TERMS RELATED TO DISMISSED CLAIMS** |

Defendants request an order *in limine* as follows:

Precluding Plaintiff from offering argument, testimonial or documentary evidence, or using phrases associated with claims and issues previously resolved by the Court. This includes references to sexual harassment of Ms. Lisson including quid pro quo behavior, retaliation against Mr. Thacker and Ms. Lisson for objecting to sexual harassment including the quid pro quo behavior, actions taken and statements made against Mr. Thacker for being associated with Ms. Lisson and objecting to the sexual harassment and quid pro quo behavior, and Ms. Lisson's knowledge of relevant documents unproduced by Defendants. Plaintiff shall additionally be precluded from offering the following exhibits: Exhibits 12, 83, 106, 118, and 136.

As detailed below, the Court has resolved several legal issues through pre-trial rulings. Plaintiff nevertheless intends to offer evidence on these issues. The Court should preclude him from doing so.

CORE/3505308.0002/156250350.1

**Title VII**

The Court previously granted summary judgment on Plaintiff's Title VII and Fair Credit Reporting Act claims. (Docs. 151, 162) The remaining claims for trial are tortious interference with contract, intrusion upon seclusion, false light, and defamation.

Plaintiff's portions of the proposed pretrial order reveals that they intend to offer testimony and exhibits that are only relevant to these dismissed claims. Joint Pretrial Order § D(1)(a) (plaintiff contends Donat's wrongful motive for tortious interference was "his desire to continue his harassment of Ms. Lisson")  For example, Plaintiff discloses that Kristin Lisson will testify regarding Robert Donat's alleged "continued sexual harassment of her including quid pro quo behavior, the actions taken and statements made against Mr. Thacker for being associated with Ms. Lisson and objecting to the sexual harassment . . . ."  Joint Pretrial Order § E(b). Other witnesses' anticipated testimony relates to the Title VII claim and uses Title VII buzz words.  Joint Pretrial Order § E(d), (e), (f), (g), (h), (m). Plaintiff likewise lists evidence that would only have been relevant (if at all) to a Title VII claim, such as the email in which Kristin Lisson first makes a complaint – sent three days *after* Plaintiff was terminated. (Ex. 83). These are the precise legal theories and evidentiary issues the Court resolved through summary judgment.[1] (Doc. 151 at 3-20, Doc. 162 at 2-4)

Plaintiff is precluded from re-litigating issues already resolved by the Court's summary judgment ruling and ruling on the motion to reconsider the same. Arguments, phrases, and evidence pertaining to the Title VII claim are not relevant to any element of a claim to be tried, and such references will only confuse the jury as to the issues, and

---

[1] Similarly, Ms. Lisson recently testified at a state court hearing that she supposedly complained about harassment to Jason Walker prior to March 9, 2019, despite her testimony in this case that she did not complain about harassment until March 9, 2019. The Court has already resolved this precise issue. (Doc. 151 at 9:26-10:4 (noting Ms. Lisson's testimony that she "actually made [her] complaint on March 9" . . . .). Her complaints to a supervisor, however, would only have been relevant to the Title VII claim. Such testimony has no bearing on any element of a claim or defense regarding the tortious interference claim against Rob Donat.

2

1  waste time. FRE 402, 403. Further, use of Title VII buzz-phrases will unfairly prejudice
2  Defendants because the terms are so charged, such as "harassment" or "quid pro quo."
3  Indeed, Plaintiff has made clear he hopes to inflame the decision-maker such that the case
4  will be decided on such an improper basis. (Plf.'s Mot. for Reconsideration (Doc. 153 at
5  5), claiming Donat should have stopped his alleged pursuit of Lisson without her having
6  to complain, but that "such is rarely the case for rich, unscrupulous men, as recent national
7  events have made clear.").

8  **Discovery Disputes**

9  The Court has resolved numerous discovery disputes in this case. Most recently,
10 the Court ruled that Defendants were not required to produce certain text messages
11 between Rob Donat and Kristin Lisson, in part because Plaintiff had not properly
12 requested them under the discovery rules. (Doc. 161 at 4-5) Nevertheless, Plaintiff has
13 listed Ms. Lisson to testify about her "knowledge of documents unproduced by
14 Defendants . . . ." Plaintiff has additionally listed exhibits and issues that suggest he is
15 going to argue that Defendant destroyed documents after it knew litigation was likely.
16 *See* Exs. 112, 116 (litigation hold letters); Pretrial Order § D(1)(p) (making same
17 argument as was addressed in Doc. 152 at p.4 § III and p.8 § II that there was supposedly
18 spoliation of a sales policy) Plaintiff elected not to pursue the Court's direction to file a
19 motion if he believed there had been spoliation. (Doc. 155 at (2) (resolving issues raised
20 in Doc. 152)) Defendants have produced everything they were required to whether under
21 the MIDP Order or this Court's subsequent discovery dispute orders.

22 The Court ruled there are no "documents unproduced by Defendants," only
23 documents not properly requested by Plaintiff. Plaintiff is precluded from arguing
24 otherwise or adducing contrary testimony. Nor is such testimony relevant. FRE 402.
25 Rather, such evidence/argument only seeks to incorrectly imply that Defendants engaged
26 in misconduct in this case and have the jury decide the case based on that improper
27 premise. It is therefore unfairly prejudicial and seeks to inflame the jury. FRE 403.
28

3

**Statement of Conferral**

Undersigned counsel certifies that they have in good faith conferred with opposing counsel in an effort to resolve the disputed evidentiary issues that are the subject of the motion.

RESPECTFULLY SUBMITTED this 26th day of November, 2019.

           **STINSON LLP**

           By:  */s/ Stefan Palys*
                   Carrie M. Francis
                   Stefan M. Palys
                   Michael Vincent
                   1850 North Central Avenue, Suite 2100
                   Phoenix, Arizona 85004-4584

           **SCHNEIDER & ONOFRY, PC**

           By:  */s/ Timothy B. O'Connor [with permission]*
                   Timothy B. O'Connor
                   365 East Coronado Road
                   Phoenix, Arizona  85004

                   *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

Joshua W. Carden
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
*Attorney for Plaintiff*

Timothy B. O'Connor, Esq.
SCHNEIDER & ONOFRY, P.C.
365 East Coronado Road
Phoenix, Arizona 85004
toconnor@soarizonalaw.com
*Attorneys for Defendant Robert Donat*

I hereby certify that on November 26, 2019, a courtesy copy was e-mailed to:

Judge David G. Campbell
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 623
401 West Washington Street, SPC 58
Phoenix, Arizona 85003-2161


                                        */s/ Joanne McClearn*

CORE/3505308.0002/156250350.1