Carrie M. Francis (020453)
Stefan M. Palys (024752)
Michael Vincent (029864)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email: carrie.francis@stinson.com
stefan.palys@stinson.com
michael.vincent@stinson.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jeremy Thacker,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GPS Insight, LLC; Robert J. Donat, Individually and as Trustee of The Robert Donat Living Trust Dated April 19, 2017,<br><br>　　　　　　Defendants. | No. 2:18-cv-00063-PHX-DGC<br><br>**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF ROBERT DONAT'S ALLEGED PRIOR ACTS AND CHARACTER** |

Defendants request an order *in limine* as follows:

Precluding Plaintiff from offering argument, testimonial or documentary evidence involving Robert Donat's alleged drug use and past relationships and/or interactions with employees (other than with Kristin Lisson). Plaintiff shall additionally be precluded from offering Exhibit 36 at trial.

Plaintiff apparently intends to attack Rob Donat's character with allegations of drug use; and alleged evidence of prior disagreements and relationships with employees in the hopes that the jury will conclude that Donat acted improperly before and so must have now, too. This evidence is not relevant to any claim or defense (FRE 402), is not admissible under FRE 404(b), and would be unduly prejudicial under FRE 403.

Plaintiff's most recent disclosure statement identifies two witnesses (first disclosed more than a year after the disclosure deadline) whom he claims will testify that Donat harassed them. *See* Plaintiff's Eighth Supplemental Disclosure Statement at 6-7.

CORE/3505308.0002/156261087.2

Plaintiff's disclosures also allege that Donat had engaged in relationships with other employees, and allege that he either went with, or arranged trips to, gentleman's clubs with other employees. *Id.* at 17:23-27 and 18:15-20. Plaintiff further alleges in disclosure statements that Donat previously used drugs, and tolerated their use at company events. *Id.* at 16:21-17:4. After naming several employees' names as people Plaintiff suspects of using drugs, Plaintiff accuses Donat of having "instituted" a "history of recreational drug use." *Id.* at 17:15-17. Some of this same information appears in Plaintiff's portions of the pretrial order. *See* Pretrial Order at § E(k) (prior employee who will claim harassment). Further, Plaintiff refused to stipulate that he would not offer the challenged evidence during the meet and confer on this motion.

None of this has anything to do with any claim or defense in the case. Plaintiff's only remaining claims in this action are for tortious interference with contract, defamation, false light invasion of privacy, and intrusion upon seclusion. Plaintiff's evidence of Donat's alleged prior disagreements with employees, relationships with employees, or supposed drug use/tolerance of the same is not relevant to any elements of those claims or the defenses to them.[1]

Instead, Defendants expect that Plaintiff will offer such evidence in an attempt to improperly influence the jury in two ways. First, Plaintiff apparently wants the jury to dislike Donat, personally, based on his alleged past acts, and inflame the jury to decide

---

[1] Defendants instead believe Plaintiff offers them as a tit-for-tat because Defendants are offering evidence of Plaintiff's character. The difference is that Plaintiff is suing for defamation, so evidence of his character is relevant to his claim/damages. FRE 405(b). Defendants are allowed to show Plaintiff had bad character to begin with, so he was not damaged as extensively as he claims. *Roper v. Mabry*, 551 P.2d 1381, 1385 (Wash. Ct. App. 1976) ("As a general rule, in a defamation action, the defendant may offer evidence that a plaintiff's reputation is already bad, in spite of the alleged defamation, in order to mitigate damages."); *Walkon Carpet Corp. v. Klapprodt*, 231 N.W.2d 370, 374 (S.D. 1975) (when damage to reputation is part of a plaintiff's claim, "evidence of his reputation or past misdeeds [is] admissible both in establishing truth and in mitigating damages" (citation omitted)); *Finklea v. Jacksonville Daily Progress*, 742 S.W.2d 512, 517 (Tex. App. 1987) ("It has long been the rule in Texas that the plaintiff's tarnished reputation may be shown in mitigation of damages.").

2

the case on that improper basis. FRE 402, 403. Second, Plaintiff seems to want the jury to conclude that Donat engaged in improper relationships before, and had problems with employees before, so must have been repeating the same issues now concerning his relationship with Lisson – though all parties agree it was a consensual relationship – then make a further leap that this must be why Plaintiff was terminated. FRE 404(b); *see* Joint Pretrial Order § D(1)(g) (jumping from fact that Lisson was married when she began dating Donat to a conclusion that he must not have been acting in her interest for purposes of a conditional privilege to defamation). None of these theories are relevant, and the "evidence" is not properly considered under either theory.

**Statement of Conferral**

Undersigned counsel certifies that they have in good faith conferred with opposing counsel in an effort to resolve the disputed evidentiary issues that are the subject of the motion.

RESPECTFULLY SUBMITTED this 26th day of November, 2019.

**STINSON LLP**

By: */s/ Stefan Palys*
Carrie M. Francis
Stefan M. Palys
Michael Vincent
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

**SCHNEIDER & ONOFRY, PC**

By: */s/ Timothy B. O'Connor [with permission]*
Timothy B. O'Connor
365 East Coronado Road
Phoenix, Arizona 85004

*Attorneys for Defendants*

3

# CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

>Joshua W. Carden
>JOSHUA CARDEN LAW FIRM, P.C.
>16427 North Scottsdale Road, Suite 410
>Scottsdale, AZ 85254
>joshua@cardenlawfirm.com
>*Attorney for Plaintiff*
>
>Timothy B. O'Connor, Esq.
>SCHNEIDER & ONOFRY, P.C.
>365 East Coronado Road
>Phoenix, Arizona 85004
>toconnor@soarizonalaw.com
>*Attorneys for Defendant Robert Donat*

I hereby certify that on November 26, 2019, a courtesy copy will be e-mailed to:

>Judge David G. Campbell
>United States District Court
>Sandra Day O'Connor U.S. Courthouse, Suite 623
>401 West Washington Street, SPC 58
>Phoenix, Arizona 85003-2161

*/s/ Joanne McClearn*

CORE/3505308.0002/156261087.2