Carrie M. Francis (020453)
Stefan M. Palys (024752)
Michael Vincent (029864)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email: carrie.francis@stinson.com
stefan.palys@stinson.com
michael.vincent@stinson.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Thacker,<br><br>Plaintiff,<br><br>v.<br><br>GPS Insight, LLC; Robert J. Donat, Individually and as Trustee of The Robert Donat Living Trust Dated April 19, 2017,<br><br>Defendants. | No. 2:18-cv-00063-PHX-DGC<br><br>**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO KRISTIN LISSON'S TERMINATION OR SETTLEMENT AGREEMENT** |

Defendants request an order *in limine* as follows:

Precluding Plaintiff from adducing evidence that Kristin Lisson was terminated; and that she negotiated and entered into a settlement agreement with GPS Insight, LLC regarding her termination. Plaintiff may not offer Exhibits 95, 96, 101, 106, 112, 120, 129, 131, 132.

To summarize: this evidence is not relevant to any element of a claim or defense to be tried (Fed. R. Evid. ("Rule") 402); it is an improper attempt to use a settlement agreement to establish liability (Rule 408); it is an impermissible use of "other acts" evidence (Rule 404(b)); and merely seeks to confuse the issues the jury must resolve and inflame the jury against Defendants (Rule 403). The Court should preclude the evidence for all of these reasons.

Plaintiff's claims to be tried are: tortious interference with contract, defamation, false light, and intrusion upon seclusion. (Docs. 70 (first amended complaint) and 151

(summary judgment ruling)) The tortious interference claim alleges that Rob Donat tortiously interfered with Plaintiff's employment contract with GPS Insight by allegedly causing his termination on March 6, 2017; and the defamation/privacy claims allege Donat should be liable for statements made to others, or for supposedly obtaining a LexisNexis public records report about Plaintiff. (Doc. 70, ¶¶ 74-79 (tortious interference), ¶¶ 83-84 and 92-94 (defamation and false light), ¶¶ 106-07 (intrusion upon seclusion))

The evidence at issue in this motion relates to GPS Insight's termination of Plaintiff's girlfriend, Kristin Lisson. Three days after Plaintiff was terminated, Lisson, made a complaint to her supervisor, Jason Walker. (Doc. 151 at 9:26). A week after that, Lisson emailed Walker clarifying that her complaint was about sexual harassment because she had not included that in the March 9th email. (*Id.* at 9:27-10:1). GPS Insight terminated Lisson on March 19, 2017. After that, GPS Insight's counsel and Lisson negotiated and entered into a settlement agreement.

The evidence Defendants seek to preclude relates to Lisson's termination, and negotiation and entry into a settlement agreement. Exhibit 95 is the settlement agreement itself. Exhibits 96, 120, and 131 are text messages, an email, and a call with GPS Insight's counsel that Lisson surreptitiously recorded. Exhibit 112 is a litigation hold letter to Lisson from counsel who negotiated her settlement agreement. Exhibits 101 and 106 are texts between Lisson and Donat regarding her termination/settlement, and Exhibit 129 contains texts between Lisson and Jason Walker regarding her termination. Exhibit 132 is an audio recording third-party witness Robert Dennis secretly made with a co-worker in which he tried to goad the co-worker into making statements about Lisson's termination. Plaintiff lists witness and issues relating to these same events. *See, e.g.,* Pretrial Order §§ (D)(1)(g) (referencing Lisson's termination after she complained) and (E)(b), (d), (e), (f) and (g) (each listed to testify about "the retaliation against Mr. Thacker and Ms. Lisson for objecting to the sexual harassment").

2

CORE/3505308.0002/156255509.1

Simply put: Lisson's termination and later settlement have no relevance to Plaintiff's earlier termination, nor his claims for defamation, false light, or intrusion upon seclusion. When conferring about the matter, Plaintiff's counsel could not even explain what these events have to do with the claims to be tried. They should be excluded as irrelevant under Rule 402. At best, these events are an attempt to use Lisson's termination to impermissibly inflame the jury and suggest a decision on an improper basis; or else to confuse the jury that there could somehow be liability on Plaintiff's claims if GPS Insight supposedly wronged Ms. Lisson. Such evidence should be excluded under Rule 403. Worse, the use of the settlement agreement is an invitation for the jury to conclude that GPS Insight/Donat must have been liable for its acts regarding Lisson, in violation of Rule 408, from which Plaintiff hopes the jury would conclude it must also be liable for Donat's alleged acts concerning Plaintiff, in violation of Rule 404(b).

There is no proper use for this evidence. The Court should exclude it.

**Statement of Conferral**

Undersigned counsel certifies that they have in good faith conferred with opposing counsel in an effort to resolve the disputed evidentiary issues that are the subject of the motion.

RESPECTFULLY SUBMITTED this 26th day of November, 2019.

**STINSON LLP**

By: */s/ Stefan Palys*
Carrie M. Francis
Stefan M. Palys
Michael Vincent
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

**SCHNEIDER & ONOFRY, PC**

By: */s/ Timothy B. O'Connor [with permission]*
Timothy B. O'Connor
365 East Coronado Road
Phoenix, Arizona 85004
*Attorneys for Defendants*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

> Joshua W. Carden
> JOSHUA CARDEN LAW FIRM, P.C.
> 16427 North Scottsdale Road, Suite 410
> Scottsdale, AZ 85254
> joshua@cardenlawfirm.com
> *Attorney for Plaintiff*
>
> Timothy B. O'Connor, Esq.
> SCHNEIDER & ONOFRY, P.C.
> 365 East Coronado Road
> Phoenix, Arizona 85004
> toconnor@soarizonalaw.com
> *Attorneys for Defendant Robert Donat*

I hereby certify that on November 26, 2019, a courtesy copy will be e-mailed to:

> Judge David G. Campbell
> United States District Court
> Sandra Day O'Connor U.S. Courthouse, Suite 623
> 401 West Washington Street, SPC 58
> Phoenix, Arizona 85003-2161

*/s/ Joanne McClearn*

4