Carrie M. Francis (020453)
Stefan M. Palys (024752)
Michael Vincent (029864)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:   carrie.francis@stinson.com
             stefan.palys@stinson.com
             michael.vincent@stinson.com

Attorneys for Defendants

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Thacker,<br><br>                     Plaintiff,<br><br>v.<br><br>GPS Insight, LLC; Robert J. Donat, Individually and as Trustee of The Robert Donat Living Trust Dated April 19, 2017,<br><br>                     Defendants. | No. 2:18-cv-00063-PHX-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 – ARGUMENT RE: "FAILURE TO DISPUTE"** |

This is yet another previously addressed issue. (Doc. 151 (Court found issue of fact for jury to resolve regarding Plaintiff's credit card use, and noted "Plaintiff admits to making the personal charges, and did not object to their deduction")). The difference is now Plaintiff seems to suggest he objected to all deductions at issue, whereas the last time this was raised he conceded he had taken issue with only *some* charges, so what to make of his use of a GPSI card for personal expenses was a matter for the jury. *Compare* Doc. 179 (motion *in limine*) *with* Doc. 127 at 19 ("Thacker also knew that <u>some</u> personal expenses were going to be deducted" but "disputes some of the charges."). As the Court previously ruled, there is a factual dispute concerning the evidence that the jury should resolve. (Doc. 151 at 21-23).

The evidence at issue is relevant to both Plaintiff's tortious interference and defamation claims. To summarize the prior briefing on this issue, (Docs. 112 at 8, 127 at

CORE/3505308.0002/156346089.1

19, 133 at 8), as background, in 2014, Plaintiff was warned if he used a GPSI card for personal expenses again, he would be terminated. Shortly after his termination in 2017, GPSI found out Plaintiff had done just that. Charges included a weekend at a local spa, plane tickets for a female acquaintance, $300 on Amazon, electronics for Thacker's house, a barware set, bedsheets, and $400 for a flight that Thacker bought for a co-worker as a birthday present. (Doc. 112 at Exs. 25-26; Tr. Ex. 262-264). Donat's argument concerning tortious interference is that Plaintiff will be unable to show his employment with GPSI would continue absent the alleged interference because he would have been fired over these charges. (Doc. 171-1 at 6-7). As to defamation, Plaintiff claims Donat defamed him by supposedly stating that Plaintiff "stole," "bought toys illegally with the company credit card," and "was the subject of an ongoing prosecution for felony theft . . . ." (Doc. 171-1 at 11). Truth is a defense, and the transactions at issue are the basis of that defense. (*Id.*)

Plaintiff contends it "is so blatantly incorrect" that he did not dispute deductions from his final pay for these charges "that to allow this suggestion to the jury in opening statement or at any other time would be unfairly prejudicial." (Doc. 179 at 1). He contends that this is so because he supposedly *did* dispute the charges.[1] (*Id.* citing Tr. Ex. 235). In exhibit 235, Plaintiff disputes the deductions for about $50 of audio books and a particular flight as business expenses; but he does not dispute the remainder of the charges, like the barware set, spa weekend, birthday present flight, or sheets. This explains Plaintiff's prior concession that he "knew that <u>some</u> personal expenses were going to be deducted" but "disputes some of the charges." (Doc. 127 at 19)

The fact that Plaintiff did not dispute some of the charges tends to make it more likely that he knew they were improperly charged, and so is relevant to Donat's defense that GPSI would have terminated Plaintiff regardless of any alleged interference. Jason

---

[1] Plaintiff additionally references his arguments concerning the timeliness of the disclosure of evidence, which Defendants fully addressed in response to Plaintiff's Motion *in Limine* No. 1.

2

1  Walker will testify that, given the prior warning to Plaintiff about misusing the company
2  credit card, he would have done just that over these charges.  Moreover, Plaintiff's failure
3  to dispute these charges tends to make it more likely that Donat's alleged statements were
4  true – Plaintiff *did* steal, Plaintiff *did* buy toys illegally with the company credit card,[2]
5  and the Scottsdale Police Department did refer their investigation of Plaintiff to the
6  Maricopa County Attorneys' Office.  (*See* Plaintiff's Ex. 104 (police report); Defendants'
7  Ex. 215 (police report and supplements)).  Indeed, while Plaintiff filed a kitchen-sink
8  complaint, he did not sue for alleged wrongfully withheld pay as a result of the
9  deductions.

10       The premise of the motion *in limine* is therefore wrong, whether Plaintiff is
11 contending that he objected *in toto* to the deductions (he didn't) or whether he claims he
12 "disputed their accuracy on summary judgment . . . ."  (Doc. 179 at 1:28; *compare* Doc.
13 127 at 19 (Plaintiff's summary judgment brief: "Now that an accounting has been
14 provided, he disputes *some* of the charges." (emphasis added)).  Since the premise of
15 Plaintiff's motion is incorrect, it should be denied.  If he would like to dispute certain of
16 the charges, he is free to present his version of the facts to the jury and let them decide.
17 His motion presents no reason why *all* evidence on point should be excluded.

19       RESPECTFULLY SUBMITTED this 5th day of December, 2019.

**STINSON LLP**

By:  */s/* Stefan M. Palys
     Carrie M. Francis
     Stefan M. Palys
     Michael Vincent
     1850 North Central Avenue, Suite 2100
     Phoenix, Arizona 85004-4584

---

[2] It was literally toys.  (Doc. 112-3 (6/24/16 charge for children's toys); Tr. Ex. 263)

3

|   |   |
|---|---|
| 1 | **SCHNEIDER & ONOFRY, PC** |
| 2 | By: _/s/_ Timothy B. O'Connor [with permission] |
| 3 | Timothy B. O'Connor<br>365 East Coronado Road<br>Phoenix, Arizona  85004 |
| 4 | |
| 5 | Attorneys for Defendants |

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

Joshua W. Carden
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
*Attorney for Plaintiff*

Timothy B. O'Connor, Esq.
SCHNEIDER & ONOFRY, P.C.
365 East Coronado Road
Phoenix, Arizona 85004
toconnor@soarizonalaw.com
*Attorneys for Defendant Robert Donat*

I hereby certify that on December 5, 2019, a courtesy copy will be e-mailed to:

Judge David G. Campbell
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 623
401 West Washington Street, SPC 58
Phoenix, Arizona 85003-2161

                                                 */s/* Linda Holder

CORE/3505308.0002/156346089.1