Carrie M. Francis (020453)
Stefan M. Palys (024752)
Michael Vincent (029864)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  carrie.francis@stinson.com
          stefan.palys@stinson.com
          michael.vincent@stinson.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jeremy Thacker,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GPS Insight, LLC; Robert J. Donat, Individually and as Trustee of The Robert Donat Living Trust Dated April 19, 2017,<br><br>　　　　　　Defendants. | No. 2:18-cv-00063-PHX-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 – UNTIMELY AFTER ACQUIRED EVIDENCE** |

The Court previously resolved this issue, and should deny Plaintiff's motion as an untimely motion to reconsider. *Compare* Doc. 151 at 20, § B(1) (8/14/19 order denying Plaintiff's motion to strike the after-acquired evidence defense based on an alleged failure to disclose) *with* LRCiv 7.2(g) (motion to reconsider must be filed within 14 days of order it challenges). Plaintiff previously filed a *Motion to Strike Defendants' Untimely, Previously Undisclosed and Insufficiently Pled After-Acquired Evidence Defense* (Doc. 111, the "Motion"). In the Motion, Plaintiff challenged, *inter alia*, the same exhibits that are now the subject of the motion *in limine*. *Compare* Motion *in Limine* (Doc. 173 at 1:28 (citing Doc. 112 at Exs. 25 and 26 and stating "the objectionable documents are sub-exhibits thereto")) *and* Reply in Support of the Motion to Strike (Doc. 120 at 9:4-

describing the same exhibits) *with* Trial Exs. 262-264 (same documents).[1] Defendants' response fully addressed these arguments. (Doc. 116).

The Court rejected the arguments Plaintiff now raises. (Doc. 151) It reasoned that the Motion was itself untimely. (Doc. 151 at 21:4-11) It further reasoned that the defense "is well-established and commonly argued in wrongful terminations cases, specifically with respect to Title VII claims like those Plaintiff raised" so the "arguments could not reasonably come as a surprise to Plaintiff or prejudice him, especially given the record discussed [in the remainder of the order]." (Doc. 151 at 21:12-23) Note: Defendants are no longer seeking to use this evidence in the Title VII context as those claims have been dismissed. But rather, this same evidence will be used by Defendants to rebut Plaintiff's required showing concerning his remaining tortious interference claim that his employment with GPSI would continue absent the alleged interference because he would have been fired over this evidence. (Doc. 171-1 at 6-7)

Plaintiff filed a motion to reconsider the portion of Doc. 151 that granted Defendants summary judgment on his FCRA and Title VII claims. (Docs. 153 and 162) (motion to reconsider and order denying same). But Plaintiff never moved for reconsideration of the Court's ruling concerning the Motion. The time to do so has passed, and the Court should therefore deny the motion *in limine* for this reason – as it has had to do with Plaintiff's other attempts to get multiple bites at the apple. *See, e.g.,* (Doc. 155 at ¶ 3) (rejecting an argument Plaintiff re-raised after it was resolved by Judge Humetewa, noting "Plaintiff did not file a timely motion to reconsider, and has provided no basis for the Court to reconsider her ruling now."). If the Court reaches the merits, it should deny the motion *in limine* for all of the reasons Defendants previously advanced in response to the same arguments. (Doc. 116)

---

[1] Ironically, among the documents Plaintiff faults Defendants for not producing is an email Plaintiff himself sent from his personal email account. (Tr. Ex. 264/Doc. 112-3)

2

RESPECTFULLY SUBMITTED this 5th day of December, 2019.

**STINSON LLP**

By: */s/* Stefan M. Palys
Carrie M. Francis
Stefan M. Palys
Michael Vincent
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

**SCHNEIDER & ONOFRY, PC**

By: */s/* Timothy B. O'Connor [with permission]
Timothy B. O'Connor
365 East Coronado Road
Phoenix, Arizona 85004

*Attorneys for Defendants*

CORE/3505308.0002/156346007.1

# CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

Joshua W. Carden
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
*Attorney for Plaintiff*

Timothy B. O'Connor, Esq.
SCHNEIDER & ONOFRY, P.C.
365 East Coronado Road
Phoenix, Arizona 85004
toconnor@soarizonalaw.com
*Attorneys for Defendant Robert Donat*

I hereby certify that on December 5, 2019, a courtesy copy will be e-mailed to:

Judge David G. Campbell
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 623
401 West Washington Street, SPC 58
Phoenix, Arizona 85003-2161

*/s/* Linda Holder

4