Carrie M. Francis (020453)
Stefan M. Palys (024752)
Michael Vincent (029864)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  carrie.francis@stinson.com
            stefan.palys@stinson.com
            michael.vincent@stinson.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Thacker,<br><br>                         Plaintiff,<br><br>v.<br><br>GPS Insight, LLC; Robert J. Donat, Individually and as Trustee of The Robert Donat Living Trust Dated April 19, 2017,<br><br>                         Defendants. | No. 2:18-cv-00063-PHX-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4 – SPOLIATION** |

Plaintiff offers no authority to support the premise of his motion: that if a party does not seek a spoliation *sanction*, it cannot present *evidence* that a party destroyed evidence to the jury. These are two distinct issues. *Wichansky v. Zowine, et al.*, CV-13-01208-PHX-DGC, 2016 WL 6818945, at *11 (D. Ariz. Mar. 22, 2016) (denying a motion for sanctions but concluding that the "grievance about the missing recording can be presented to the jury through evidence and argument, with no need for the Court to place its thumb on the scale with an adverse inference instruction."). Defendants can present the evidence regardless whether they seek or obtain an adverse inference instruction. The Court's analysis of the motion can, and should, end here.

Plaintiff destroyed two types of evidence. First, the same day Plaintiff preserved other evidence, he wiped his work computer. Plaintiff claims he "provided Defendants with all information from his work computer…" Mot. at 2:7. Not quite. At his

1  deposition, Plaintiff testified that he "provided a copy of all **work-related** information" to
2  GPSI, but that he deleted "my personal information" so it could not be "obtained by a
3  jealous owner and used against me…" (Plaintiff Depo. at 15-17 (emphasis added),
4  attached as **Exhibit A**). Among the information Plaintiff irretrievably deleted were
5  conversations where there were "[o]ther employees talking about [Donat] or … [about]
6  my personal relationship, just personal conversations for the most part" because Plaintiff
7  didn't want "him having access to that." (*Id.* at 16). Second, in February 2017 when
8  Defendants believe Plaintiff was contemplating this lawsuit, Plaintiff irretrievably deleted
9  Slack messages among himself and his key witnesses, Kristin Lisson and Robert Dennis
10 for the "[s]ame reason [he] gave for the other" evidence destruction.[1] (*Id.* at 18-20).

11      The mere fact that Plaintiff recognized the Slack messages and information on the
12 computer could be used against him shows: (1) he knew he was going to file a case where
13 it could be used against him; and (2) the information was relevant to the case.[2] From the
14 other information Plaintiff did not delete, we know both are true. Plaintiff's destruction
15 of evidence is relevant to the jury's evaluation of his credibility and candor.[3] *Anderson*
16 *v. Prod. Mgmt. Corp.*, 2000 WL 492095, 5 (E.D. La. 2000) (denying request for adverse
17 inference instruction; but "because evidence of the fact of destruction is relevant with
18 respect to [a party's] credibility and reliability, plaintiffs will have the opportunity to
19 present the fact of inadvertent destruction . . . to the jury"); *U.S. v. Hsia*, 2000 WL 195068,
20 2 (D.D.C. 2000) ("The Court also agrees with the government's arguments that the

---

[1] Plaintiff's motion relates solely to *his* efforts to destroy evidence. The evidence at trial will be that his two key witnesses, Kristin Lisson and Robert Dennis, also destroyed or helped Plaintiff destroy evidence.

[2] Plaintiff contends his supposed ignorance of the duty to preserve evidence is an excuse. (Mot. 2:2-4) At best, arguments about Plaintiff's culpable mental state go to whether the Court should give an adverse inference instruction, not whether the evidence can be presented. *See* Fed. R. Civ. P. 37(e)(2).

[3] Plaintiff raises the red herring of alleged spoliation by Defendants. *See* Mot. at 2:11-25. There has been none. Regardless, Plaintiff presents no authority that this would be relevant to whether the jury hears of *his* actions, because it is not. *See Wichansky*, 2016 WL 681945 at 11 (separately addressing each parties' alleged spoliation). As such, Defendants will not wade into the allegations again. *See, e.g.,* Docs. 152 at 7-8 (addressing sales policy) and 101 at 2 (Slack).

evidence of alteration, destruction or creation of documents is relevant to the impeachment of [the credibility of] certain witnesses").

As this Court's decisions show, the jury should be permitted to hear this evidence regardless whether Defendants seek, or the Court gives, an instruction. In addition to *Winchansky*, this Court has on several occasions recognized the distinction between evidence of spoliation and a sanction based upon spoliation. In *Tipp v. Adeptus Health Inc.*, CV-16-02317-PHX-DGC 2018 WL 447256, at *5 (D. Ariz. Jan. 17, 2018), the Court denied a motion for a directed verdict or adverse inference jury instruction that had been presented at the summary judgment stage, but held that the evidence of spoliation would be presented to the jury:

> ***Plaintiff will be permitted at trial to present evidence of Ms. Scott's destruction of the handwritten notes and, at a minimum, to argue to the jury that the notes could have been helpful to her case.*** The Court will decide at trial, or at the final pretrial conference if possible, whether it will give an adverse inference instruction in light of all the evidence and, if so, the precise form of that instruction.

(Emphasis added). And in *Pettit v. Smith, et al.*, CV-11-02139-PHX-DGC, 45 F. Supp. 3d 1099, 1111 (D. Ariz. 2014), the Court denied a request for case-dispositive sanctions but concluded that "loss of evidence should be explained to the jury" and "that the jury should be allowed to infer that the lost evidence would have favored Plaintiff's position."

This trio of cases confirms the obvious—that even losing a motion for sanctions does not preclude evidence of spoliation before the jury. Defendants were not required to file a motion for any adverse inference instruction in advance of the trial. That request is appropriate after evidence has been presented at trial. *See Tipp*, 2018 WL 447256, at *5; *Pettit*, 45 F. Supp. 3d at 1111; *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 526 (S.D. W. Va. 2014). Defendants had intended to wait until the evidence had been presented, but Defendants are now contemporaneously filing such a motion. Regardless, because filing a motion for sanctions is irrelevant to the presentation of evidence of spoliation, Plaintiff's Motion in Limine No. 4 should be denied.

3

RESPECTFULLY SUBMITTED this 5th day of December, 2019.

                    **STINSON LLP**

By:  */s/ Michael Vincent*
       Carrie M. Francis
       Stefan M. Palys
       Michael Vincent
       1850 North Central Avenue, Suite 2100
       Phoenix, Arizona 85004-4584

**SCHNEIDER & ONOFRY, PC**

By:  */s/ Timothy B. O'Connor [with permission]*
       Timothy B. O'Connor
       365 East Coronado Road
       Phoenix, Arizona  85004

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

Joshua W. Carden
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
*Attorney for Plaintiff*

Timothy B. O'Connor, Esq.
SCHNEIDER & ONOFRY, P.C.
365 East Coronado Road
Phoenix, Arizona 85004
toconnor@soarizonalaw.com
*Attorneys for Defendant Robert Donat*

                                */s/ Lindsay Petrowski*

4