Carrie M. Francis (020453)
Stefan M. Palys (024752)
Michael Vincent (029864)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  carrie.francis@stinson.com
            stefan.palys@stinson.com
            michael.vincent@stinson.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Thacker,<br><br>           Plaintiff,<br><br>v.<br><br>GPS Insight, LLC; Robert J. Donat, Individually and as Trustee of The Robert Donat Living Trust Dated April 19, 2017,<br><br>           Defendants. | No. 2:18-cv-00063-PHX-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3 – GLOBERANGER AS "SUBSTANTIALLY EQUIVALENT" JOB** |

The Court should deny Plaintiff's motion as procedurally improper. First, Plaintiff never disclosed this legal theory. *See* MIDP protocols, General Order 17-08 at (B)(4). Second, the motion is really a belated summary judgment motion, albeit with the facts drawn in Plaintiff's favor. In fact, the parties already briefed this issue on summary judgment. (Docs. 112 at 10, 127 at 21, 133 at 10; *accord* Doc. 171-1 at 8-11).[1] The Court should deny the motion for these procedural reasons alone. Third, it does not have the conferral certificate. The Court should also see this motion for what it really is: an effort to keep out the reasons why he was fired, rather than a challenge to whether one of his

---

[1] Plaintiff's motion better develops what had been a one-liner in the summary judgment briefing. Doc. 127 at 21:5 (undeveloped argument that GlobeRanger was not substantially equivalent). In fact, in that briefing Plaintiff "request[ed] that the Court find as a matter of law that the position [at GlobeRanger] was not substantially similar in terms of pay and/or opportunity for growth." *Id.* at 21:22. The Court did not reach the issue in its summary judgment ruling. (Doc. 151).

three subsequent employers is substantially equivalent. Plaintiff earned $97,032.74 per year on average at GPSI, where he sold GPS tracking services.[2] (Doc. 112-3, ¶ 18) After he was fired, he worked at GlobeRanger where he sold a technology product for airlines to track equipment, and earned $90,000/year in base pay plus commissions and bonuses. After he was fired from GlobeRanger, he worked at NAVEX Global where he sold software for $85,000 in base pay plus commissions.  After he was fired from NAVEX, he now has a job at T2 Systems selling a technology product for parking, and earns $100,000 in base pay plus commissions.  Though the pay at each is in line with his pay at GPSI, and though he sold different products at each company, Plaintiff solely challenges whether GlobeRanger was substantially equivalent to GPSI based on supposed differences in product type and pay – he does not challenge NAVEX or T2. (Doc. 171-1 at § D(1)(e), p.8-11)  The reality is that Plaintiff does not want the jury to hear why GlobeRanger fired him: secretly recording conversations with other employees, having a bad attitude that impacted other employees, and refusing to work. (Doc. 112 at 11-12) Wanting to keep that out does not make GlobeRanger dissimilar.

Plaintiff engages in trickery to conclude that GlobeRanger's pay was not equivalent to GPSI.  Again, he starts by inflating his GPSI salary based on a single sale (*see* note 2), then takes what his *quota* supposedly was at GPSI[3] – not what his real sales ever were.  Then he presents his "quota" at GlobeRanger as $90,000 when in fact that was his base pay.  (GlobeRanger 30(b)(6) at 47, **Exhibit A** hereto) The chart from which he claims the "highest contemplated bonus[] of $44,531" is all he could earn is actually just a chart giving an *example* of how various bonuses would work based on a

---

[2] This average is pulled up by a single good sale Plaintiff had to Amerisure. (Doc. 112-3, ¶ 19)  Plaintiff's motion, and his damages in this case, assumes that he would have repeated that one success *ad infinitum*, which is how a salesperson who earned between $60-90,000 per year at GPSI (*id.*, ¶¶ 18-19) now claims $3.5 million in damages. (Doc. 171-1, at 7).  Defendants believe that sale was an aberration. (Doc. 112-3, ¶ 19).

[3] Plaintiff double dips using Amerisure. First he uses it to puff up his base pay, then assumes he would repeat the same sale every month for the rest of the year as the basis for his claim that his "quota . . . was expected to be $900,000 in annualized monthly recurring revenue, with a top possible commission of $378,000."

2

1 hypothetical sale. (GlobeRanger 30(b)(6) at 204 ("let me give a plain example. If he had
2 . . . closed a $100,000 deal, you can see the numbers here that walk through exactly how
3 much he would have been paid . . . ."))[4]

4 Plaintiff next claims that GlobeRanger terminated all employees by June 2018. In
5 fact, GlobeRanger folded its operations into its parent company and offered productive
6 salespeople jobs there. (GlobeRanger 30(b)(6) at 121-125). A jury could conclude that
7 Plaintiff had that opportunity available to him had he done what he was supposed to at
8 GlobeRanger. But even accepting Plaintiff's premise, this "issue" does not go similarly
9 but to whether GlobeRanger wages would be deducted from his damages after June 2018.

10 Plaintiff next complains that GlobeRanger is dissimilar because it involved the
11 aerospace industry, with which he had no prior experience. Notably Plaintiff does not
12 claim experience with NAVEX's software or T2's parking product, yet does not challenge
13 those jobs. The fact is that Plaintiff was given a choice of three fields to go into at
14 GlobeRanger and he picked aviation, rather than a field that would entail government
15 sales as at GPSI, such as selling products to police departments. (GlobeRanger 30(b)(6)
16 at 108-111).

17 Finally, Plaintiff claims GlobeRanger required "significant travel" versus GPSI
18 which "required minimal travel." (Mot. 2) Putting aside that Plaintiff does not quantify
19 the difference in travel so the Court could actually resolve the claim – the claim is amazing
20 because part of the reason GlobeRanger fired Plaintiff was for *not* traveling, while
21 Plaintiff himself attempts to use his travel at GPSI to explain his issues there.
22 (GlobeRanger 30(b)(6) Depo. 78, 190; Carrie Race Depo. 42, **Exhibit B** hereto).

23 Plaintiff's arguments – if not waived for failure to disclose them as the MIDP
24 Order required – are really fact issues for the jury to resolve.

25

---

[4] Plaintiff complains there was not a sales plan until shortly before GlobeRanger fired him. GlobeRanger testified the "lack" of a sales plan did not prevent Plaintiff's colleagues from doing what they were supposed to do. (GlobeRanger 30(b)(6) at 169 ("I'd be interested to meet the salesperson who says until I have a commission plan written down I can't build a pipeline and I can't sell anything.")).

3

1 | RESPECTFULLY SUBMITTED this 5th day of December, 2019.

**STINSON LLP**

By: *s/* Michael Vincent
Carrie M. Francis
Stefan M. Palys
Michael Vincent
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

**SCHNEIDER & ONOFRY, PC**

By: *s/* Timothy B. O'Connor [with permission]
Timothy B. O'Connor
365 East Coronado Road
Phoenix, Arizona  85004

*Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

>Joshua W. Carden
>JOSHUA CARDEN LAW FIRM, P.C.
>16427 North Scottsdale Road, Suite 410
>Scottsdale, AZ 85254
>joshua@cardenlawfirm.com
>*Attorney for Plaintiff*
>
>Timothy B. O'Connor, Esq.
>SCHNEIDER & ONOFRY, P.C.
>365 East Coronado Road
>Phoenix, Arizona 85004
>toconnor@soarizonalaw.com
>*Attorneys for Defendant Robert Donat*

I hereby certify that on December 5, 2019, a courtesy copy will be e-mailed to:

>Judge David G. Campbell
>United States District Court
>Sandra Day O'Connor U.S. Courthouse, Suite 623
>401 West Washington Street, SPC 58
>Phoenix, Arizona 85003-2161

*s/* Lindsay Petrowski