Carrie M. Francis (020453)
Stefan M. Palys (024752)
Michael Vincent (029864)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  carrie.francis@stinson.com
        stefan.palys@stinson.com
        michael.vincent@stinson.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Thacker,<br><br>                Plaintiff,<br><br>v.<br><br>GPS Insight, LLC; Robert J. Donat, Individually and as Trustee of The Robert Donat Living Trust Dated April 19, 2017,<br><br>                Defendants. | No. 2:18-cv-00063-PHX-DGC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ADVERSE INFERENCE JURY INSTRUCTION** |

Thacker's response ambles well beyond the elements of Rule 37(e)(1) in an attempt to bury the uncontroverted facts that on March 3, 2017, after Thacker had already planned this litigation to such an extent that he had selected his preferred lawyer, Thacker downloaded data from GPSI's servers to collect evidence in anticipation of litigation. Thacker admitted: "I thought it would be a pretty good idea to start making sure I had all the evidence that I needed." (Doc. 187 at 3:20-24). It was on that *same day* that Thacker wiped his work computer. And of course Thacker had already wiped his Slack messages between himself, Lisson, and Dennis.

Thacker disputes none of this in his response. Instead, he jabs at Defendants on unrelated issues and offers explanations as to why none of the data was supposedly lost. His explanations are not germane to Defendants' requested Rule 37(e)(1) adverse jury instruction. Thacker is really asking this Court to usurp the jury's role because Thacker's

CORE/3505308.0002/156731421.1

explanations are arguments that he should present to the jury (which could choose to believe him). The sole legal question for this Court to decide is whether an adverse inference jury instruction is warranted under Rule 37(e)(1). It is.

Under Rule 37(e)(1), all that is required is that there was ESI that "should have been preserved in the anticipation or conduct of litigation" that is lost "because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Defendants have established these elements, and the Court should give the requested instruction.

### I. Thacker failed to take reasonable steps to preserve ESI in anticipation of litigation.

Thacker unquestionably knew that ESI would be used in litigation, because on March 3, 2017, the same day that he wiped his work computer and destroyed ESI, he copied other ESI from GPSI's servers and saved it on his personal computer. He admitted in his deposition that he did this *because he knew ESI had evidentiary value*: "I thought it would be a pretty good idea to start making sure I had all the evidence that I needed." (Doc. 187 at 20-24). Thacker also deleted the Slack messages contemporaneously with intending to meet with an attorney. *See* (*id.* at 3:25-4:8). For the reasons stated in Defendants' motion, it is clear that Thacker anticipated litigation, and that his intentional deletion of ESI was obviously a failure to take reasonable steps to preserve that ESI.

Notably, Thacker does not dispute Defendants' assertion that he deleted the Slack messages in anticipation of litigation. *See* (*id.* at 4:11-15). Thacker claims only that he "had not spoken with an attorney" at the time he deleted the Slack messages. That is not the standard, and Thacker's silent concession that he anticipated litigation at the time he deleted the Slack messages is sufficient to justify the Court issuing the adverse inference jury instruction as to not only the wiping of the work computer, but also as to the Slack messages.

Thacker's excuse in his response is that wiping his work computer accomplished nothing because all of the data was backed up to the cloud, and that he has provided this

2

data in this litigation. (Doc. 194 at 2:6-13). Defendants addressed this excuse in their motion, and cited specific cases holding that a spoliator's assertion that no relevant data was lost is not to be credited. (Doc. 187 at 6:8-26). Thacker doesn't get to create the yardstick by which to measure whether ESI was lost—otherwise, he has a free pass to delete whatever he wants, as long as he claims it was otherwise produced later, and it would be *impossible* for GPSI to ever rebut Thacker's self-serving assertion.

These circumstances are similar to those in *Lexpath Technology Holdings*, in which an employee's testimony that he wiped his work computer merely to "remove personal data lacked credibility in light of the timing of his actions and his motivation." (Doc. 187 at 6:13-15) (citing *Lexpath Tech. Holdings, Inc. v. Welch*, 2016 WL 4544344, at *2 (D.N.J. Aug. 30, 2016). Defendants' motion also cites other cases holding that circumstantial evidence can suggest the contests of destroyed ESI. *Id.* at 6:13-23). Under Defendants' proposed spoliation instruction, the jury decides whether to actually draw the inference ("may" rather than "must"). That Thacker felt compelled to delete the data is relevant, and he can make his argument to the jury that the data was purely personal, or was elsewhere recovered.

## II. The erased Slack messages are not recoverable.

Without any evidence, Thacker argues that Defendants supposedly used "careful wording" and are secretly hiding Slack messages while arguing that the messages were actually deleted. (Doc. 194 at 3:4-14). It is obvious that the Slack messages have been lost as a result of Thacker's deletion, or else Defendants would not be seeking a spoliation instruction. To be clear, however, attached as **Exhibit 1** is the declaration of Gary Fitzgerald, GPSI's CEO and CTO, who testifies that he attempted to recover Thacker's deleted Slack messages and was unable to do so. Thus, the deleted ESI cannot be restored. All that Defendants know is that Thacker has deleted all of the Slack messages between himself and Lisson, for example, in addition to an unknown number of other messages. *See* Ex. 1 ¶ 11 (no recoverable messages between Thacker and Lisson, or Thacker and Dennis). Rule 37(e)(1) applies.

3

### III. Conclusion

The remainder of Thacker's motion consists of attacks on Defendants and their counsel, vague allegations of "obstructionist" and "quite tiresome" conduct, and the like. None of it is relevant, and none of it merits a response. Sticking to the issue, Defendants have established that the Court should give an adverse inference instruction to the jury as to the ESI on Thacker's work computer. As to the Slack messages, at the time Defendants filed their motion, they believed the Court might need to wait until after evidence is presented at trial to determine whether an adverse inference instruction was proper, but given Thacker's concession in his response that he anticipated litigation at the time he deleted those messages, the Court can determine now that an adverse inference instruction on the Slack messages is appropriate as well.

RESPECTFULLY SUBMITTED this 23rd day of December, 2019.

**STINSON LLP**

By: */s/ Michael Vincent*
Carrie M. Francis
Stefan M. Palys
Michael Vincent
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

**SCHNEIDER & ONOFRY, PC**

By: */s/ Timothy B. O'Connor (with permission)*
Timothy B. O'Connor
365 East Coronado Road
Phoenix, Arizona 85004

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

>Joshua W. Carden
>JOSHUA CARDEN LAW FIRM, P.C.
>16427 North Scottsdale Road, Suite 410
>Scottsdale, AZ 85254
>joshua@cardenlawfirm.com
>*Attorney for Plaintiff*
>
>Timothy B. O'Connor, Esq.
>SCHNEIDER & ONOFRY, P.C.
>365 East Coronado Road
>Phoenix, Arizona 85004
>toconnor@soarizonalaw.com
>*Attorneys for Defendant Robert Donat*

*s/ Lindsay Petrowski*