# Exhibit 1

Exhibit 1

```
Carrie M. Francis  (020453)
Stefan M. Palys  (024752)
Michael Vincent  (029864)
```
**STINSON LEONARD STREET LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  carrie.francis@stinson.com
         stefan.palys@stinson.com
         michael.vincent@stinson.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Thacker,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GPS Insight, LLC; Robert J. Donat, Individually and as Trustee of The Robert Donat Living Trust Dated April 19, 2017;<br><br>　　　　　　Defendants. | No. 2:18-cv-00063-PHX-DGC<br><br>**DECLARATION OF GARY FITZGERALD** |

I, Gary Fitzgerald, declare as follows:

1. I am an adult and am competent to testify. If called to testify at trial, I would testify consistently with this declaration.

2. I make this declaration based upon my personal knowledge.

3. I am the Chief Executive Officer and Chief Technology Officer for GPS Insight, LLC ("GPSI").

4. GPSI uses Slack, which is a cloud-based instant messaging platform for electronic communications among GPSI employees.

5. At all times prior to and including March 2017, GPSI's Slack service plan did not provide GPSI with the ability to retrieve past Slack messages. In other words, the messages were not saved on GPSI's system.

6. During this litigation, after Plaintiff complained about Slack messages,

CORE/3505308.0002/156730946.1

1  GPSI spent approximately $6,000 to attempt to resolve one of Plaintiff's discovery
2  issues by upgrading to a more expensive Slack plan that allowed for retrieval of past
3  messages.

4        7.    After GPSI upgraded its Slack plan, GPSI was able to download copies of
5  those Slack messages that had been maintained on the Slack system, and it produced the
6  same. However, Slack could only download copies of what already existed—in other
7  words, because Plaintiff had already deleted his own Slack messages, those deleted
8  messages were not recoverable because they no longer existed on the Slack system.

9        8.    I have attempted, on behalf of GPSI, to obtain copies of the Slack
10 messages that Plaintiff deleted on or about February/March 2017. Those messages are
11 not available because Plaintiff's actions permanently deleted them from the Slack
12 system.

13       9.    Slack organizes messages by folders, with each folder referencing a
14 recipient/sender pair. For example, there would be one folder for Slack messages
15 between Plaintiff and Kristin Lisson ("Lisson") and one folder for messages between
16 Plaintiff and Robert Dennis ("Dennis").

17       10.    When Plaintiff deleted his Slack messages between himself and Lisson,
18 and himself and Dennis, he was unable to delete the corresponding folders, which were
19 maintained and managed by the Slack system. The Slack system would not allow
20 Plaintiff to delete the folders, only the content within the folders.

21       11.    I have looked at the folders in the Slack system for Plaintiff/Lisson
22 messages and for Plaintiff/Dennis messages and those folders are empty.

23       12.    The now-empty folders for Plaintiff/Lisson and Plaintiff/Dennis are
24 evidence that there were Slack communications between Plaintiff and Lisson and
25 Dennis, and that Plaintiff deleted those messages.

26       13.    There are no "compliance records" for GPSI's Slack message archive that
27 would enable Defendants to learn which Slack messages Plaintiff deleted. At the time
28

1  that Plaintiff deleted his Slack messages, GPSI's Slack plan did not allow for the
2  retrieval of past messages.
3     14.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the
4  laws of the United States of America that the foregoing is true and correct.
5     EXECUTED this 20th day of December, 2019.

By: _____
Gary Fitzgerald

3